UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
JOSEPH A. FERRARA, SR., FRANK H.
FINKEL, MARC HERBST, DENISE
RICHARDSON, THOMAS CORBETT,
ANTHONY D'AQUILA, THOMAS
GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, and ANTHONY
PIROZZI, *as Trustees and Fiduciaries of the
Local 282 Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282 Job
Training Fund, and the Local 282 Vacation
and Sick Leave Trust Fund*,

                              Plaintiffs,

        -against-

METRO D EXCAVACTION &
FOUNDATION, INC.,

                              Defendant.
----------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 6 2011 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

10-CV-4215 (SLT) (LB)

**TOWNES, United States District Judge:**

Plaintiffs are trustees and fiduciaries of the Local 282 International Brotherhood of Teamster Welfare, Pension, Annuity, Job Training, and Vacation/Sick Leave Trust Funds (collectively, the "Funds"). On September 16, 2010, Plaintiffs filed this action against Defendant Metro D Excavation & Foundation, Inc., seeking to recover unpaid employee benefit fund contributions, as well as injunctive relief, pursuant to Sections 502 and 505 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Defendant was properly served but failed to answer or move in any regard with respect to the complaint. On February 25, 2011, Plaintiffs moved for default judgment pursuant to Federal Rule of Civil Procedure 55. By order dated February 28, 2011, this Court referred Plaintiffs' motion to Magistrate Judge Lois Bloom.

On July 7, 2011, Judge Bloom issued her report and recommendation ("R&R"), recommending that default judgment be entered in favor of Plaintiffs for: $23.484.65 in unpaid Funds contributions; $7,949.59 in interest plus *per diem* interest of $11.58 from February 25, 2011, through the date of judgment; $7,949.59 in liquidated damages plus *per diem* liquidated damages of $11.58 from February 25, 2011, through the date of judgment; $5,508.00 in attorney's fees; $487.16 in costs; and $350 in audit fees. Judge Bloom further recommended that Plaintiffs' request for injunctive relief be denied. Both parties were advised that any objections must be filed with the Clerk of Court within fourteen days of receipt of the R&R. As of the date of this Memorandum and Order, no party has filed an objection to the R&R or requested an extension of time in which to do so.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Even when no objections are filed, however, many courts seek to satisfy themselves, "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 5 Civ. 339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

This Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Magistrate Judge Bloom's Report and Recommendation (Docket No. 8) dated July 7, 2011, recommending 1) that Plaintiffs' motion for default judgment (Docket No. 6) be granted and that judgment be entered against Defendant Metro D Excavation & Foundation, Inc., in the amount of $23.484.65 for unpaid contributions, $7,949.59 for interest plus *per diem* interest of $11.58 from February 25, 2011, through the date of judgment; $7,949.59 for liquidated damages plus *per diem* liquidated damages of $11.58 from February 25, 2011, through the date of judgment; $5,508.00 for attorney's fees, $487.16 for costs, and $350 for audit fees; and 2) that Plaintiffs' motion for injunctive relief be denied, is adopted in its entirety. Accordingly, the Clerk of Court is directed to enter judgment in favor of Plaintiffs and against Defendant Metro D Excavation & Foundation, Inc.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: August 16, 2011
Brooklyn, New York

3