COHEN, WEISS AND SIMON LLP

COUNSELLORS AT LAW

330 WEST 42ND STREET

NEW YORK, N.Y. 10036-6976

————

(212) 563-4100

WRITER'S DIRECT INFORMATION:

PHONE: (212) 356-0243
FAX: (646) 473-8243
E-MAIL:
ZLEEDS@CWSNY.COM

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
TRAVIS M. MASTRODDI

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)

————

RICHARD C. HARMON
SENIOR ATTORNEY

DAVID R. HOCK*
CLAIRE TUCK*
MARCELLE J. HENRY
EVAN HUDSON-PLUSH*
MICHAEL S. ADLER*
JOSHUA ELLISON*
ZACHARY N. LEEDS*
TZVI MACKSON
NOELIA E. HURTADO
DANYA AHMED*
KATE M. SWEARENGEN**

* ALSO ADMITTED IN NJ
** ADMITTED IN NJ ONLY

February 17, 2012

By Electronic Case Filing and Regular Mail

The Honorable Lois Bloom
United States Magistrate District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1214 S
Brooklyn, NY 11201

Re:    *Ferrara et. al., v. Metro D Excavation and Foundation, Inc.*
       Case No. 10-CV-4215 (SLT)(LB)

Dear Judge Bloom:

This firm represents the plaintiffs in the above-referenced matter.  We write pursuant to Local Rule 37.3 and Federal Rules of Civil Procedure 37 and 69(a) to seek an order directing defendant Metro D Excavation and Foundation, Inc. (the "Company"), to appear for a post-judgment deposition and produce documents pursuant to a Subpoena Deuces Tecum Ad Testificandum, and to provide answers to an information subpoena, served pursuant to 5224 of the N.Y.C.P.L.R.

In this case, on August 17, 2011, the Court entered a default judgment against the Company for $49,735.67, plus per diem interest of $11.58 from February 25, 2011 through the date of judgment equaling $2,014.92.  A copy of the Default Judgment is attached as Exhibit A.

On September 7, 2011 plaintiffs sent a restraining notice and information subpoena to the Company by certified mail, return receipt requested.  A copy of the restraining notice and information subpoena is attached as Exhibit B.  The Company failed to respond to the information subpoena.

COHEN, WEISS AND SIMON LLP

The Honorable Lois M. Bloom
February 17, 2012
Page 2

On November 22, 2011 the Company was served with a Subpoena Duces Tecum Ad Testificandum dated November 18, 2011 commanding them to produce documents by January 9, 2012 and appear at a deposition on January 26, 2012 at the Brooklyn Federal Courthouse.  A copy of the subpoena is attached as Exhibit C.  The affidavit of service of the subpoena is attached as Exhibit D.

The Company failed to respond to the subpoena or appear at the deposition, or otherwise contact the plaintiffs regarding the subpoenas.  A copy of the Company's January 26, 2012 deposition transcript noting its failure to appear is attached as Exhibit E.

As of today, plaintiffs have not heard from the Company.

Pursuant to Section 5224 of the N.Y.C.P.L.R, made applicable to this proceeding by Fed. R. Civ. P. 69(a), the Company is required to respond to the subpoena and information requests, which it has failed to do.

Federal Rule of Civil Procedure 37 provides that in the event a party fails to respond to discovery, the party seeking discovery may move to compel such discovery.  Pursuant to Rule 37, and Local Rule 37.3, plaintiffs hereby request that this Court issue an Order requiring the Company to comply with the information subpoena and the Subpoenas Duces Tecum Ad Testificandum served on it by the plaintiffs.  Specifically, plaintiff requests that the Company be required to produce documents responsive to the subpoena at this firm by March 16, 2012. Plaintiffs further request that Company be required to appear at a deposition at this firm on March 27, 2012 at 10 a.m.  A Proposed Order along these lines is attached as Exhibit F.

Thank you for your consideration.

Respectfully submitted,


/s/ Zachary N. Leeds

ZNL;jmm

cc:     Metro D Excavation and Foundation, Inc. (by certified and regular mail)

# EXHIBIT A

**FILED**
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★ AUG 1 7 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSEPH A. FERRARA, SR., FRANK H.
FINKEL, MARC HERBST, DENISE
RICHARDSON, THOMAS CORBETT,
ANTHONY D'AQUILA, THOMAS
GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, and ANTHONY
PIROZZI, *as Trustees and Fiduciaries of the
Local 282 Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282 Job
Training Fund, and the Local 282 Vacation
and Sick Leave Trust Fund,*

                              Plaintiffs,

        -against-

METRO D EXCAVATION &
FOUNDATION, INC.,

                              Defendant.
-------------------------------------------------------------------X

JUDGMENT
10-CV-~~2413~~ (SLT)
4215

        A Memorandum and Order of Honorable Sandra L. Townes, United States

District Judge, having been filed on August 16, 2011, adopting in its entirety the unopposed

Report and Recommendation of Magistrate Judge Lois Bloom, dated July 7, 2011; granting

Plaintiffs' motion for a default judgment; directing the Clerk of Court to enter judgment against

Defendant Metro D Excavation & Foundation, Inc., in the amount of $23,484.65 for unpaid

contributions, $7,949.59 for interest plus *per diem* interest of $11.58 from February 25, 2011,

through the date of judgment; $7,949 for liquidated damages plus *per diem* liquidated damages

interest from February 25, 2011, through the date of judgment; $5,508.00 for attorney's fees,

$487.16 for costs, and $350.00 for audit fees; and denying plaintiffs' motion for injunctive

relief; it is

Page 2

JUDGMENT
10-CV- 4215 (SLT)

ORDERED and ADJUDGED that the unopposed Report and Recommendation of
Magistrate Judge Lois Bloom is adopted in its entirety; that Plaintiffs' motion for a default is
granted; that judgment is hereby entered in favor of Plaintiffs Joseph A. Ferrara, Sr., Frank H.
Finkel, Marc Herbst, Denise Richardson, Thomas Corbett, Anthony D'Aquila, Thomas
Gesualdi, Louis Bisignano, Dominick Marrocco, and Anthony Pirozzi, *as Trustees and
Fiduciaries of the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local
282 Job Training Fund, and the Local 282 Vacation and Sick Leave Trust Fund,* and against
Defendant Metro D Excavation & Foundation, Inc., in the amount of $23,484.65 for unpaid
contributions, $7,949.59 for interest plus *per diem* interest of $11.58 form February 25, 2011,
through the date of judgment in the amount of $2,003.34; $7,949.59 for liquidated damages
plus *per diem* liquidated damages interest of $11.58 from February 25, 2011, through the date
of judgment in the amount of $2,003.34; $5,508.00 for attorney's fees, $487.16 for costs, and
$350.00 for audit fees; and that it is further,

ORDERED and ADJUDGED that Plaintiffs' motion for injunctive relief is
denied.

Dated: Brooklyn, New York
       August 16, 2011

ROBERT C. HEINEMANN
Clerk of Court

# EXHIBIT B

COHEN, WEISS AND SIMON LLP

COUNSELLORS AT LAW

330 WEST 42ND STREET

NEW YORK, N.Y. 10036-6976

———

(212) 563-4100

WRITER'S DIRECT INFORMATION:

PHONE: (212) 356-0243
FAX: (646) 473-8243
E-MAIL: ZLEEDS@CWSNY.COM

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
TRAVIS M. MASTRODDI

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)
———
DAVID R. HOCK*
CLAIRE TUCK*
RICHARD C. HARMON
MARCELLE J. HENRY
EVAN HUDSON-PLUSH*
MICHAEL S. ADLER*
JOSHUA ELLISON*
ZACHARY N. LEEDS
TZVI MACKSON
NOELIA E. JARAMILLO
DANYA AHMED*

* ALSO ADMITTED IN NJ

September 7, 2011

By Certified Mail—Return Receipt Requested

Metro-D Excavation and Foundation, Inc.
50-63 41st Street
Astoria, New York, 11104

      Re:    Ferrara et. al., v. Metro-D Excavation and Foundation, Inc. 11-CV-4125
              (SLT)

Dear Sir/Madam:

      This firm represents the plaintiff in the above referenced matter.  Enclosed please find two copies of a Restraining Notice and Information Subpoena as well as copy of the relevant judgment obtained against Metro D.  Please return the above referenced documents in the enclosed postage-paid, self-addressed stamped envelope.  If you have any questions, please call me.

      Thank you.

Very truly yours,

*Zachary Leeds* MK

Zachary N. Leeds

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

JOSEPH A. FERRARA, SR., FRANK H.  
FINKEL, MARC HERBST, DENISE  
RICHARDSON, THOMAS CORBETT,  
ANTHONY D'AQUILA, THOMAS GESUALDI,  
LOUIS BISIGNANO, DOMINICK MARROCCO,  
and ANTHONY PIROZZI, as Trustees and  
Fiduciaries of the Local 282 Pension Trust Fund,  
the Local 282 Annuity Trust Fund, the Local 282  
Job Trust Fund, and the Local 282 Vacation and  
Sick Leave Trust Fund,

                              Plaintiff,

           - against -

METRO D EXCAVATION AND FOUNDATION,  
INC.,

                            Defendant.

--------------------------------------------------------------x

Case No.  
11-CV-4215 (SLT)

**RESTRAINING NOTICE  
AND INFORMATION  
SUBPOENA**

TO:    Metro D Excavation and Foundation, Inc.  
        50-63 41st Street  
        Astoria, New York, 11104

In an action in this Court between Joseph A. Ferrara, Sr., Frank H. Finkel, Marc

Herbst, Denise Richardson, Thomas Corbett, Anthony D'aquila, Thomas Gesualdi, Louis

Bisignano, Dominick Marrocco, and Anthony Pirozzi, as Trustees and Fiduciaries of the Local 282

Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Trust Fund, and the

Local 282 Vacation and Sick Leave Trust Fund, plaintiffs, and Metro D Excavation and

Foundation, Inc. ("Metro D"), defendant, a default judgment was entered on August 17, 2011 in

favor of plaintiff and against Metro D in the amount of $49,735.67, plus per diem interest of $11.58

from February 25, 2011 through the date of judgment equaling $2,014.92, all of which remains due

and owing.

00191764.DOC.1

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any property in which any Judgment-Debtor has an interest, or pay over, or otherwise dispose of, any debt except as therein provided.

**TAKE FURTHER NOTICE** that this Restraining Notice also covers all property in which any Judgment-Debtor has an interest hereafter coming into its possession or custody, and all debts hereafter coming due to any Judgment-Debtor, or both.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

**YOU ARE HEREBY DIRECTED** to answer in writing under oath, separately and fully, each question in the questionnaire accompanying this Restraining Notice and Information Subpoena, each answer referring to the question to which it responds; and that you return the answers, together with the original of the questions within seven (7) days after your receipt of the questions and this Restraining Notice and Information Subpoena in the stamped, self-addressed envelope enclosed herewith.

**TAKE NOTICE** that false swearing or failure to comply with this Information Subpoena is punishable as a contempt of court.

Dated: September 7, 2011
     New York, New York

Zachary N. Leeds
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 356-0251

Attorneys for Judgment-Creditor

## CIVIL PRACTICE LAW AND RULES

Section 5222(b). Effect of restraint: prohibition of transfer; duration. A judgment-debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment-debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment-debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment-debtor or obligor has an interest, or if the judgment-creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment-debtor or obligor or that the judgment-debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment- debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment-debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment-creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment-debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging to the judgment-debtor or obligor in an amount equal to twice the amount on the judgment or order, the restraining notice is not effective as to other property or money.

## CERTIFICATION PURSUANT TO SECTION 5224(a)(3)(i)
## OF THE NEW YORK CIVIL PRACTICE LAW AND RULES

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

Zachary N. Leeds

**QUESTIONS TO BE ANSWERED BY DEFENDANT METRO D EXCAVATION &
FOUNDATION, INC. (THE "COMPANY" OR THE "JUDGMENT-DEBTOR"),
IN RESPONSE TO INFORMATION SUBPOENA**[*]

**Ferrara et. al., v. Metro D Excavation & Foundation, Inc.**
**Case No. 11-CV-4215 (SLT)**

## QUESTIONS FOR THE COMPANY

1.   What is the Company's full name, including all trade names?

ANSWER _____

_____

_____

2.   What are the street and mailing addresses of all business locations of the judgment-debtor?

ANSWER _____

_____

_____

3.   List the names and addresses of all stockholders, officers, and directors of the Company.

ANSWER _____

_____

_____

4.   If the Company is a partnership, list the names and addresses of all partners.

ANSWER _____

_____

_____

---

[*] If additional space is necessary, please use and attach additional pages.

5.      If the Company is a limited partnership, list the names and addresses of all general partners.

ANSWER _____

_____

_____

6.      Set forth in detail the name, address, and telephone number of all businesses in which the principals of the Company now have an interest and set forth the nature of the interest.

ANSWER _____

_____

_____

7.      For all bank accounts of the judgment-debtor maintained within the past thirty-six (36) months, list the name of the bank, the bank's address, the account number, and the name in which the account is held.

ANSWER _____

_____

_____

8.      Specifically state the present location of all books and records of the Company, including checkbooks.

ANSWER _____

_____

_____

9.      State the name and address of the person, persons or entities who prepare, maintain and/or control the Company records and checkbooks of the judgment-debtor.

ANSWER _____

_____

_____

10.    List all physical assets of the judgment-debtor and their location.  If any asset is subject to a

lien, state the name and address of the lien holder and the amount due on the lien.

ANSWER _____

_____

_____

11.    Does the business own any real estate?  Yes _____     No _____

If yes, state the following for each property:

(a)    Name(s) in which property is owned:

ANSWER _____

_____

(b)    Address of property:

ANSWER _____

_____

_____

(c)    Date property was purchased:

ANSWER _____

_____

_____

(d)    Purchase price:

ANSWER _____

_____

_____

(e)    Name and address of mortgage holder:

ANSWER _____

_____

_____

(f)　　　Balance due on mortgage:

　　　　ANSWER _____

_____

_____


(g)　　　Names and addresses of all tenants and monthly rentals paid by each tenant.

| NAME AND ADDRESS OF TENANT | MONTHLY RENTAL |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

12.     List all motor vehicles owned by the judgment-debtor, stating the following for each vehicle:

      (a)     Make, model, and year:

          ANSWER _____
          _____
          _____

      (b)     License plate number:

          ANSWER _____
          _____
          _____

      (c)     Vehicle identification number (VIN):

          ANSWER _____
          _____
          _____

      (d)     If there is a lien on the vehicle, the name and address of the lien holder and the amount due on the lien:

          ANSWER _____
          _____
          _____

13.     List all accounts receivable due the business, stating the name, address and amount due on each receivable.

| NAME AND ADDRESS | AMOUNT DUE |
|---|---|
| | |
| | |
| | |

|  |  |
|  |  |

14.     For any transfer of business assets that occurred since January 1, 2007, specifically

identify:

     (a)     The nature of the asset:_____

          _____

          _____

     (b)     The date of the transfer:_____

          _____

          _____

     (c)     Name and address of the person to whom the asset was transferred:_____

          _____

          _____

     (d)     The consideration paid for the asset and the form in which it was paid (check, cash, etc.):_____

          _____

          _____

     (e)     Explain in detail what happened to the consideration paid for the asset._____

          _____

          _____

          _____

15.    If the business is alleged to be no longer active, set forth:

    (a)    The date of cessation _____

    (b)    All assets as of the date of cessation: _____

        _____

        _____

        _____

    (c)    The present location of those assets: _____

        _____

        _____

If the assets were sold or transferred, set forth:

    (d)    The nature of the assets: _____

        _____

        _____

    (e)    Date of transfer: _____

        _____

    (f)    Name and address of the person to whom the assets were transferred:

        _____

        _____

        _____

    (g)    The consideration paid for the assets and the form in which it was paid:

        _____

        _____

    (h)    Explain in detail what happened to the consideration paid for the assets.

_____

_____

_____

16.     Set forth all other judgments that you are aware of that have been entered against the

judgment-debtor and include the following:

| Creditor's Name | Creditor's Attorney | Amount Due | Name of Court | Docket Number |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

17.     For all litigation in which the business is presently involved, state:

     (a)     Date litigation commenced:_____

_____

     (b)     Name of party who started the litigation:_____

_____

_____

     (c)     Nature of the action:_____

_____

_____

(d)    Names of all parties and the names, addresses and telephone numbers of their attorneys:_____

_____

_____

_____

(e)    Trial Date:_____

_____

(f)    Status of the case:_____

_____

_____

(g)    Name of the court and docket number:_____

_____

18.    State the name, address and position of the person answering these questions.

    ANSWER _____


State of_____

County of_____


Sworn to before me this
_____th day of _____ 2011.      _____

                         (the name signed must be printed beneath)


_____
Notary Public

**U.S. Postal Service** ™
**CERTIFIED MAIL** ™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com ®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

ZNC 240. 10208

Sent To: Metro-D Excavating + Found Inc
Street, Apt. No.; or PO Box No.: 50-63 41st St.
City, State, ZIP+4: Astoria NY 11104

PS Form 3800, August 2006          See Reverse for Instructions

7010 1060 0001 3236 3160

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JOSEPH A. FERRARA, SR., FRANK H. FINKEL,      :
MARC HERBST, DENISE RICHARDSON,               :
THOMAS CORBETT, ANTHONY D'AQUILA,             :
THOMAS GESUALDI, LOUIS BISIGNANO,             :
DOMINICK MARROCCO, and ANTHONY                :     Case No.
PIROZZI, as Trustees and Fiduciaries of the Local   :   11-CV-4215 (SLT)
282 Pension Trust Fund, the Local 282 Annuity   :
Trust Fund, the Local 282 Job Trust Fund, and the   :
Local 282 Vacation and Sick Leave Trust Fund,   :

                         Plaintiff,           :

                                              :

        - against -                           :     **SUBPOENA DUCES TECUM**
                                              :     **AD TESTIFICANDUM**
METRO D EXCAVATION AND FOUNDATION,            :
INC.,                                         :

                         Defendant            :

                                              :
------------------------------------------------------------------ X

TO:   Metro D Excavation and Foundation, Inc.
      50-63 41st Street
      Astoria, New York, 11104

        In an action in this Court between Joseph A. Ferrara, Sr., Frank H. Finkel, Marc

Herbst, Denise Richardson, Thomas Corbett, Anthony D'Aquila, Thomas Gesualdi, Louis

Bisignano, Dominick Marrocco, and Anthony Pirozzi, as Trustees and Fiduciaries of the Local

282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Trust Fund, and

the Local 282 Vacation and Sick Leave Trust Fund, plaintiffs, and Metro D Excavation and

Foundation, Inc. ("Metro D"), defendant, a default judgment was entered on August 17, 2011 in

favor of plaintiff and against Metro D in the amount of $49,735.67, plus per diem interest of

$11.58 from February 25, 2011 through the date of judgment equaling $2,014.92, for a total

amount due of **$51,750.59** all of which remains due and owing.

**YOU ARE HEREBY COMMANDED** to produce copies of all documents described in Exhibit A, on or before January 9, 2012 at the offices of the Local 282 Trust Funds, c/o Theresa Cody, 2500 Marcus Avenue, Lake Success, NY 11042

**YOU ARE FURTHER COMMANDED**, pursuant to New York Civil Practice Law and Rules Sections 5223 and 5224, made applicable by Rule 69 of the Federal Rules of Civil Procedure, to designate a representative of the company to appear at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201 in Room S-402 on January 26, 2012 at 10:00 a.m., and at any adjourned date of examination, to be examined under oath, upon oral questions before a person authorized to conduct the examination, on all matters relevant to the satisfaction of the judgment in this action.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.


Dated: November 18, 2011
      New York, New York

                                       _____
                                       Zachary N. Leeds
                                       COHEN, WEISS and SIMON LLP
                                       330 West 42nd Street
                                       New York, New York 10036
                                       (212) 356-0251

                                       Attorneys for Judgment-Creditor

## EXHIBIT A

## Definitions

1.      "Metro D" shall mean Metro D Excavation and Foundation, Inc.

2.      "Person" shall mean any natural person or any business, legal or governmental entity or association.

3.      "Property" shall mean real, personal, business, or other tangible property.

4.      "Materials and Equipment" shall mean inventory, materials, machinery, equipment, tools, trucks, automobiles or other personal property.

5.      "Asset" shall mean anything of value, including but not limited to property, cash, accounts receivable, security interests, promissory notes or any other right to repayment on a loan, and investments of any kind, ownership interests, goodwill, licenses, and customers lists.

6.      "Document" shall mean writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary by the respondent through detections devices into reasonably usable form, including without limitation, electronic or data compilations.

7.      "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise.

8.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

9.      "All/Each" shall be construed as all and each.

10.     "And/Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.     The use of the singular form of any word includes the plural and vice versa.

12.     The documents called for are those in the possession, custody or control of the Metro D, wherever located.

13.     Unless otherwise specified, the time period covered by this subpoena shall extend from January 1, 2009 through the present.

14.     The documents produced are to be segregated by request number.

15.     All requests made herein shall be construed to include any supplemental documents responsive to these requests that are later prepared, created or discovered.

## **Document Requests**

1. The Articles of Incorporation and State Corporate Registration Certificates of Metro D.

2. Corporate Bylaws of Metro D including any and all amendments or riders to such documents.

3. All minutes or drafts of minutes of meetings of the Board of Directors of Metro D.

4. All stock certificates issued by or concerning Metro D.

5. All shareholder agreements concerning or referring to Metro D.

6. All corporate notices, filings or reports concerning Metro D filed with, prepared for, or required by, any federal, state, or municipal authority.

7. Any and all real estate deeds, leases, mortgages, mortgage notes, deeds of trust, deeds of trust notes, payment schedules, lease payments, lease accruals, mortgage payments, and all documents, including checks, related to payments of any and all leases, mortgages, or deeds of trust on property leased or owned by Metro D or held for Metro D beneficially by any person or trustee.

8. Any and all records concerning ownership, rental, mortgage, security, or use of material and equipment (including vehicles), by Metro D or any person acting on behalf of Metro D.

9. Any and all quarterly and annual corporate, state, and local tax returns prepared or filed by or on behalf of Metro D.

10. Any and all financial statements, profit and loss statements, balance and income statements, balance sheets, trial balance sheets, ledgers, journals (including cash disbursements and cash receipts), accounting statements, accounting reports, or other documents

designated to present the financial condition and/or asset or property holdings of Metro D in summary form, prepared by Metro D's officers or directors or on its behalf by any person or entity, or submitted to any financial institutions.

11.     Copies of all checks, money orders, cashier's checks, wire transfers, electronic transfers, instruments of payments, negotiable instruments, or other documents representing payments or transfers of assets from Metro D to any of its officers, directors, shareholders, or companies or entities owned or controlled by these officers, directors, or shareholders.

12.     Any and all bank statements, money market account statements, stock broker account ledgers, passbooks, entry ledgers, computer printouts, or other graphic representations of whatever kind that reflect money, assets or business property held by Metro D at any financial institution, brokerage house, bank, savings institution, safe deposit and trust company, or other financial or credit company.

13.     Any and all documents memorializing the sale, merger, transfer of assets, or purchase by Metro D of any other person.

14.     Any and all documents memorializing the sale, merger, transfer of assets, or purchase by any other person of any ownership interest in Metro D.

15.     Any and all documents memorializing the sale or transfer of any asset sold or valued in excess of $500 from Metro D to any person.

16.     Any and all documents concerning the assumption by any person of the debts and/or liabilities of Metro D.

17.     Any and all documents concerning any surety bond, escrow account or any type of insurance procured or maintained by Metro D to guarantee payment of wages, dues,

and assessments, and contributions to any fringe benefit fund to which Metro D is obligated to make contributions pursuant to the terms of a collective bargaining agreement.

18.     Any and all documents concerning invoices submitted by Metro D to any third party for services rendered or materials supplied.

19.     Any and all operating licenses or other authorizations held by Metro D or otherwise in Metro D's name or possession.

20.     Any and all documents related to any operating licenses or other authorizations held by Metro D or otherwise in Metro D's name or possession.

21.     All taxes and schedules filed with, or received from, any local, state, or federal tax agency or department, including but not limited to personal income tax returns and schedules, K-1s and any related schedules, and any business tax returns.

22.     Any and all financial statements, profit and loss statements, balance and income statements, balance sheets, trial balance sheets, ledgers, journals (including cash disbursements and cash receipts), accounting statements, accounting reports, or other documents designed to present the financial condition of Metro D or any business entity.

# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph A. Ferrara, Sr., et al., as Trustees and Fiduciaries of the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, | INDEX#: 11-CV-4215(SLT) |

against

*Plaintiff(s)*

Metro D Excavation and Foundation, Inc.,

*Defendant(s)*

## AFFIDAVIT OF SERVICE

State of New York        }
County of New York    }  ss.:

The undersigned, being duly sworn, deposes and says;

Deponent is not a party herein, is over 18 years of age and resides in  Wheatley Heights, New York

That on **11/22/2011** at **9:06 AM** at **50-63 41st Street, Astoria, NY 11104**

deponent served a(n) **Subpoena Duces Tecum Ad Testificandum**

on **Metro D Excavation and Foundation Inc.,** a domestic corporation,

by delivering thereat a true copy to **Tara Persaud** personally, deponent knew said

corporation so served to be the corporation witness and knew said individual to be **Managing Agent** thereof.

<u>Description of Person Served:</u>
Gender: Female
Skin:  Brown
Hair: Brown
Age: 35
Height: 5' 4" - 5' 8"
Weight:100-130 Lbs.
Other:

At the time of said service, deponent paid (tendered) in advance $45.00 the authorized traveling expenses and one day's witness fee.

Sworn to before me this
25th day of November, 2011

NOTARY PUBLIC
JOHN DICANIO
NOTARY PUBLIC STATE OF NEW YORK
WESTCHESTER COUNTY
LIC. # 01DI4977768
COMM EXP. 2/11/2015

Russell  Webb
License No.1216146

Serving By Irving, Inc  | 233 Broadway, Suite 2201 | New York, NY 10279

# EXHIBIT E

```
 1

 2
    UNITED STATES DISTRICT COURT
 3  EASTERN DISTRICT OF NEW YORK
    ------------------------------------x
 4  JOSEPH A. FERRARA, SR., FRANK H.
    FINKEL, MARC HERBST, DENISE
 5  RICHARDSON, THOMAS CORBETT, ANTHONY
    D'AQUILA, THOMAS GESUALDI, LOUIS
 6  BISIGNANO, DOMINICK MARROCCO, and
    ANTHONY PIROZZI, as Trustees and
 7  Fiduciaries of the Local 282
    Pension Trust Fund, the Local 282
 8  Annuity Trust Fund, the Local 282      ORIGINAL
    Job Trust Fund, and the Local 282
 9  Vacation and Sick Leave Fund,

10                  Plaintiffs,    Case No.
                                   11-CV-4215
11       -against-                 (SLT)

12  METRO D EXCAVATION AND FOUNDATION,
    INC.,
13
                    Defendant.
14  ------------------------------------x

15

16       PROPOSED DEPOSITION of METRO D

17  EXCAVATION AND FOUNDATION, INC., taken on

18  behalf of Plaintiffs, at UNITED STATES

19  DISTRICT COURT, EASTERN DISTRICT OF NEW YORK,

20  225 Cadman Plaza East, Room S4, Brooklyn, New

21  York 11201, commencing at 10:29 a.m.,

22  Thursday, January 26, 2012, before Deborah

23  Huntsman, a Shorthand Reporter and Notary

24  Public of the State of New York.

25
```

```
 1

 2    A P P E A R A N C E S :

 3      COHEN, WEISS and SIMON LLP
        Attorneys for Plaintiffs
 4          330 West 42nd Street
            New York, New York  10036
 5
        BY:  ZACHARY N. LEEDS, ESQ.
 6           (212) 356-0251

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              Proceedings
 2         MR. LEEDS:  I am Zachary Leeds,
 3    Plaintiffs' counsel.
 4         We are here pursuant to subpoena
 5    to depose the representatives of the
 6    Defendant in this case.
 7         The subpoena is marked as
 8    Plaintiffs' Exhibit 1.
 9         (Whereupon, the subpoena was
10    marked as Plaintiffs' Exhibit 1 for
11    identification, this date.)
12         MR. LEEDS:  The affidavit of
13    service of the subpoena is marked as
14    Plaintiffs' Exhibit 2.
15         (Whereupon, the affidavit of
16    service was marked as Plaintiffs'
17    Exhibit 2 for identification, this
18    date.)
19         MR. LEEDS:  It was served on
20    November 22, 2011, on a representative
21    of the Defendant.
22         The deposition was scheduled to
23    begin at 10:00.  It is now about
24    10:30.  The Defendant has not
25    contacted me or, to my knowledge,
```

4

```
1                    Proceedings
2         anyone else representing the
3         Plaintiffs in this case regarding the
4         deposition, and the Defendant is not
5         here.
6                    We will now close the record.
7                    (Time noted:  10:30 a.m.)
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1

2    WITNESS          EXAMINATION              PAGE

3    None

4

5                         E X H I B I T S

6

7

     PLAINTIFFS'
8    FOR IDENTIFICATION                         PAGE

9    1    The subpoena                           3

10   2    The affidavit of service              3

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

6

```
 1
 2                    C E R T I F I C A T E
 3    STATE OF NEW YORK     )
                            : SS:
 4    COUNTY OF KINGS       )
 5
 6              I, DEBORAH HUNTSMAN, a Shorthand
 7    Reporter and Notary Public within and for the
 8    State of New York, do hereby certify:
 9              That the within is a true and
10    accurate transcript of the proceedings taken
11    on the 26th day of January, 2012.
12              I further certify that I am not
13    related by blood or marriage to any of the
14    parties and that I am not interested in the
15    outcome of this matter.
16              IN WITNESS WHEREOF, I have hereunto
17    set my hand this 26th day of January, 2012.
18
19                    DEBORAH HUNTSMAN
20
21
22
23
24
25
```

# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JOSEPH A. FERRARA, SR., FRANK H. FINKEL,    :
MARC HERBST, DENISE RICHARDSON,    :
THOMAS CORBETT, ANTHONY D'AQUILA,    :
THOMAS GESUALDI, LOUIS BISIGNANO,    :    Case No.
DOMINICK MARROCCO, and ANTHONY    :    10-CV-4215 (SLT)(LB)
PIROZZI, as Trustees and Fiduciaries of the Local    :
282 Pension Trust Fund, the Local 282 Annuity    :
Trust Fund, the Local 282 Job Trust Fund, and the    :
Local 282 Vacation and Sick Leave Trust Fund,    :
                Plaintiffs,    :
    :
    - against -    :
    :
METRO D EXCAVATION AND FOUNDATION,    :
INC.,    :
    :
                Defendant.    :
    :
------------------------------------------------------------------- x

## PROPOSED ORDER

        This action was commenced on September 16, 2010 by the filing of the complaint

and the issuance of the summons.  Judgment was entered by the Court on August 17, 2011 in

favor of Plaintiffs, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson,

Thomas Corbett, Anthony D'Aquila, Thomas Gesualdi, Louis Bisignano, Dominick Marrocco,

and Anthony Pirozzi, as Trustees and Fiduciaries of the Local 282 Pension Trust Fund, the Local

282 Annuity Trust Fund, the Local 282 Job Trust Fund, and the Local 282 Vacation and Sick

Leave Trust Fund, and against defendant Metro D Excavation and Foundation, Inc. (the

"Company"), in the amount of $49,735.67, plus per diem interest of $11.58 from February 25,

2011 through the date of judgment equaling $2,014.92.

        IT IS HEREBY ORDERED that Metro D Excavation and Foundation, Inc.

(a) provide answers responsive to plaintiffs' information subpoena served on the

Company dated September 7, 2011, and (b) produce any and all documents responsive to plaintiffs' Subpoenas Duces Tecum Ad Testificandum served on the Company dated November 18, 2011, on or before 5:00 p.m. on March 16, 2012 at the offices of Cohen, Weiss and Simon LLP, 330 West 42nd Street, 25th Floor, New York, New York; and

IT IS FURTHER ORDERED that the Company appear to be deposed, as set forth in plaintiffs' Subpoena Duces Tecum Ad Testificandum dated November 18, 2011, on March 27, 2012 at 10 a.m., at the offices of Cohen, Weiss and Simon LLP, 330 West 42nd Street, 25th Floor, New York, New York; and

*Failure to respond to the Restraining Notice and Information Subpoena, and Subpoena Duces Tecum Ad Testificandum as set forth herein, will serve as grounds for finding that Metro D Excavation and Foundation, Inc. is in contempt of this Court and will be subject to civil and criminal penalties.*

The plaintiffs shall arrange for service of this Order by overnight delivery to Metro D Excavation and Foundation, Inc.  Proof of such service shall be filed with the Court.

SO ORDERED.

_____

United States Magistrate Judge Lois Bloom

Dated: _____