UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSEPH A. FERRARA, SR., FRANK H.
FINKEL, MARC HERBST, DENISE
RICHARDSON, THOMAS CORBETT,
ANTHONY D'AQUILA, THOMAS
GESUALDI, LOUIS BISIGNANO, DOMINICK
MARROCCO, and ANTHONY PIROZZI,
*as Trustees and Fiduciaries of the Local 282*
*Welfare Trust Fund, the Local 282 Pension*
*Trust Fund, the Local 282 Annuity Trust Fund,*
*the Local 282 Job Training Fund, and the Local*
*282 Vacation and Sick Leave Trust Fund,*

      Plaintiffs,      **ORDER**
                    **10 CV 4215 (SLT)(LB)**

   -against-

METRO D EXCAVACTION & FOUNDATION,
INC.,

      Defendant.

------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

   Plaintiffs move pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel defendant to respond to post-judgment discovery requests and to appear for a deposition. (Docket entry 12.) "Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure." First City, Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002). Rule 69(a)(2) of the Federal Rules of Civil Procedure provides that "[i]n the aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

Article 52 of the Civil Practice Law and Rules ("CPLR") governs the procedure for post-judgment discovery under New York law. Section 5223 of the CPLR provides that "at any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena . . . ." Section 5224(a) of the CPLR sets forth the various kinds of subpoenas that may be used by a judgment creditor, including a subpoena requiring attendance for the taking of a deposition, a subpoena *duces tecum* requiring the production of books and papers for examination, and an information subpoena. Under Rule 37(a) of the Federal Rules of Civil Procedure, a judgment creditor may seek to compel a judgment debtor's compliance with post-judgment discovery requests made pursuant to the Federal Rules or Section 5224 of the CPLR. See U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc., 270 F.R.D. 136, 141 (E.D.N.Y. 2010) (granting motion to compel responses to post-judgment interrogatories and document requests made pursuant to the Federal Rules); Beller & Keller v. Kindor, No. 94 Civ. 7682 (RPP), 2003 U.S. Dist. LEXIS 13171, at *8 (S.D.N.Y. June 4, 2003) (granting motion to compel responses to post-judgment interrogatories made pursuant to Section 5224 of the CPLR).

On August 16, 2011, the Court entered a default judgment against defendant for $49,735.67. (Docket entry 11.) On September 7, 2011, plaintiffs sent an information subpoena to defendant pursuant to Section 5224 of the CPLR. (Docket entry 12, at Ex. B.) On November 22, 2011, plaintiffs served defendant with a subpoena *duces tecum* pursuant to Section 5224 of the CPLR, seeking the production of certain documents by January 9, 2012 and commanding the appearance of a representative from Metro D Excavation & Foundation, Inc. for a deposition on January 26, 2012. (Docket entry 12, at Ex. C and D.) Defendant failed to appear for the

deposition and failed to respond to the information subpoena or the subpoena seeking the production of documents. (Docket entries 12, at Ex. E.)

In light of plaintiffs' good faith effort to seek discovery which it is entitled to obtain under Rule 69 of the Federal Rules of Civil Procedure and defendant's willful failure to comply with any of plaintiffs' post-judgment discovery requests, the Court hereby grants plaintiffs' motion to compel. Defendant shall respond to plaintiffs' information subpoena and produce all documents responsive to plaintiffs' subpoena *duces tecum* by March 16, 2012. An appropriate representative of Metro D Excavation & Foundation, Inc. shall appear for a deposition on March 27, 2012 at 10:00 a.m. at the offices of Cohen, Weiss, and Simon LLP, 330 West 42nd Street, 25th Floor, New York, New York. **This is a Court Order and defendant must comply**. Defendant is hereby warned that if it fails to respond to plaintiffs' information subpoena or request for production of documents, or fails to timely appear for the deposition on March 27, 2012, the Court shall impose sanctions which may include contempt of court. See Fed. R. Civ. P. 37(b)(2)(A) ("If a party or a party's officer, director or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . includ[ing] the following: (vii) treating as contempt of court the failure to obey an[] order.").

Plaintiffs are hereby ordered to serve a copy of this Order upon defendant at its last known addresses and file proof of service with the Court forthwith.

SO ORDERED.

                                                                                _____/S/_____
                                                                                LOIS BLOOM
                                                                                United States Magistrate Judge

Dated: February 22, 2012
       Brooklyn, New York