UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

JOSEPH A. FERRARA, SR., FRANK H. FINKEL,      :
MARC HERBST, DENISE RICHARDSON,                :
THOMAS CORBETT, ANTHONY D'AQUILA,       :
THOMAS GESUALDI, LOUIS BISIGNANO,             :
DOMINICK MARROCCO, and ANTHONY               :
PIROZZI, as Trustees and Fiduciaries of the Local   :
282 Welfare Trust Fund, the Local 282 Pension       :
Trust Fund, the Local 282 Annuity Trust Fund, the  :
Local 282 Job Training Trust Fund, and the Local    :
282 Vacation and Sick Leave Trust Fund,                 :
                                              Plaintiffs,    :
             - against -                                            :
                                                                        :
METRO D EXCAVATION & FOUNDATION,          :
INC.,                                                                  :
                                              Defendant.    :
                                                                        :
                                                                        :
-------------------------------------------------------------------- x

Case No.:
10-CV-4215 (SLT)(LB)

## NOTICE OF PLAINTIFFS' MOTION TO HOLD DEFENDANT
## METRO D EXCAVATION & FOUNDATION, INC. IN CONTEMPT

TO:     Metro D Excavation & Foundation, Inc.
        50-63 41st Street
        Astoria, NY, 11104

            PLEASE TAKE NOTICE that on behalf of Plaintiffs Joseph A. Ferrara, Sr.,

Frank H. Finkel, Marc Herbst, Denise Richardson, Thomas Corbett, Anthony D'Aquila, Thomas

Gesualdi, Louis Bisignano, Dominick Marrocco, and Anthony Pirozzi, as Trustees and

Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local

282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and

Sick Leave Trust Fund ("the Funds"), the undersigned, pursuant to Fed. R. Civ. P. 70 and Local

Rule 83.9, will move this Court, before the Honorable Lois Bloom U.S.M.J., at the United States

Courthouse, 225 Cadman Plaza East, Brooklyn, New York, at a date and time to be determined

by the Court, for an Order adjudging defendant Metro D Excavation & Foundation, Inc. guilty of

civil contempt and ordering (1) that until full compliance with the Judgment entered by the Court

on August 17, 2011 (Docket No. 11) (the "Judgment") and this Court's February 22, 2012 Order

(Docket No. 14) is obtained, a daily fine of $1,000 be imposed against Metro D Excavation &

Foundation, Inc., plus it also be held liable for $4,998.52 in attorney's fees and costs incurred in

enforcing the Judgment, and (2) ordering any further relief that the Court deems just.

Dated: New York, New York
       May 25, 2012

                                        Respectfully submitted,


                             By:    /s/ Zachary N. Leeds
                                    Zachary N. Leeds
                                    COHEN, WEISS and SIMON LLP
                                    330 West 42nd Street
                                    New York, New York 10036
                                    (212) 563-4100

                                    Attorneys for Plaintiff

-2-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

JOSEPH A. FERRARA, SR., FRANK H. FINKEL, :
MARC HERBST, DENISE RICHARDSON, :
THOMAS CORBETT, ANTHONY D'AQUILA, :
THOMAS GESUALDI, LOUIS BISIGNANO, :
DOMINICK MARROCCO, and ANTHONY :
PIROZZI, as Trustees and Fiduciaries of the Local :
282 Welfare Trust Fund, the Local 282 Pension :
Trust Fund, the Local 282 Annuity Trust Fund, the :
Local 282 Job Training Trust Fund, and the Local :
282 Vacation and Sick Leave Trust Fund, :
:
                                 Plaintiffs, :
     - against - :
:
METRO D EXCAVATION & FOUNDATION, :
INC., :
                              Defendant. :
:

-------------------------------------------------------------------- x

Case No.:
10-CV-4215 (SLT)(LB)

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO HOLD DEFENDANT METRO D EXCAVATION & FOUNDATION, INC. IN CONTEMPT

Zachary N. Leeds
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
Telephone: (212) 563-4100
Facsimile: (646) 695-5436

May 25, 2012

## PRELIMINARY STATEMENT

Plaintiffs Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, Thomas Corbett, Anthony D'Aquila, Thomas Gesualdi, Louis Bisignano, Dominick Marrocco, and Anthony Pirozzi, as Trustees and Fiduciaries ("Trustees") of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund ("the Funds") brings this motion to have defendant Metro D Excavation & Foundation, Inc. ("Metro D"), cited for contempt for its (1) failure to remit to the Funds $49,735.67 in unpaid contributions and attendant damages due pursuant to the Judgment entered by the Court on August 17, 2011 (Docket No. 11) (the "Judgment"); and (2) the willful disregard of this Court's February 22, 2012 Order (Docket No. 14) (the "Order") requiring Metro D to respond to the Plaintiffs' request for answers to previously served subpoenas and for appearance at a post-judgment deposition on March 27, 2012. Plaintiffs seek the contempt citation to compel compliance with the Order and payment of the Judgment deficiency. Plaintiffs further seek compensation for costs incurred in attempting to enforce the Judgment and in bringing this contempt motion and seek that until full compliance with the Judgment is obtained, the Court order a daily fine of $1,000 be imposed against Metro D, plus it be held liable for $4,998.52 in attorney's fees and costs incurred in enforcing the Judgment, and order any further relief the Court deems just.

## FACTUAL BACKGROUND

On September 16, 2010, the Plaintiffs commenced an action against Metro D under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145 ("ERISA"). Decl. of Zachary N. Leeds ("Leeds Decl."), ¶3. The action arose, in part, from the failure of Metro D to pay contributions as required by the

terms of collective bargaining and trust agreements.  Leeds Decl. ¶4.  Metro D failed to file an

answer to the Complaint, and accordingly, the Clerk of the Court entered its default.  (Docket

No. 7.)  Following the Plaintiffs' filing of a motion for judgment by default, the Court entered

judgment.  Leeds Decl. ¶6.  The Defendant failed to comply with the Judgment requirements.

Leeds Decl. ¶8.  On September 7, 2011 the Plaintiffs sent restraining notices and information

subpoenas to Metro D by certified mail.  Leeds Decl. ¶8.  On November 22, 2011 the Company

was served with a Subpoena Duces Tecum Ad Testificandum commanding it to produce

documents by January 9, 2012 and appear at a deposition on January 26, 2012.  Leeds Decl. ¶9.

The Company failed to respond to the subpoenas or appear at the deposition, or otherwise

contact Plaintiffs.  Leeds Decl. ¶10.

        Consequently, by February 17, 2012 letter motion (the "Letter Motion"), the

Plaintiffs moved the Court for sanctions to be imposed against Metro D if it failed to produce

documents responsive to the subpoenas by March 16, 2012 and appear at a deposition on March

27, 2012.  Leeds Decl. ¶11.  On February 22, 2012, the Court entered the Order, pursuant to

which, Metro D was required to appear at a deposition scheduled for March 27, 2012.  The Order

specifically stated: "<u>This is a Court Order and defendant must comply.  Defendant is hereby</u>

<u>warned that if it fails to respond to plaintiffs' information subpoena or request for production of</u>

<u>documents, or fails to timely appear for the deposition on March 27, 2012, the court shall impose</u>

<u>sanctions which may include contempt of court</u>."  Leeds Decl. ¶12.  By cover letter dated

February 23, 2012, a copy of the Order was served by regular and certified mail on Metro D.  *See*

Leeds Decl. ¶13.  By letter dated March 21, 2012, Metro D was sent a letter reminding it of its

upcoming deposition.  Leeds Decl. ¶14.  Despite the Order, Metro D failed to appear at the

March 27, 2012 deposition.  *See* Leeds Decl. ¶15.  Accordingly, Plaintiffs bring the instant

motion.

## ARGUMENT

Rule 70 of the Federal Rules of Civil Procedure provides in pertinent part that,

"[i]f a judgment requires a party to deliver . . . document[s] or . . . to perform any other specific

act and the party fails to comply within the time specified" the Court may, among other things,

"hold the disobedient party in contempt."  Fed. R. Civ. P. 70.  A civil contempt sanction under

Rule 70 serves to "coerce the contemnor into future compliance with the court's order or to

compensate the complainant for losses resulting from the contemnor's past noncompliance."

*New York State Nat'l Org. For Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989) ("A

sanction imposed to compel obedience to a lawful court order or to provide compensation to a

complaining party is civil."); *Badgley v. Santacroce*, 800 F.2d 33, 36 (2d Cir. 1986) ("The

purpose of civil contempt . . . is to compel a reluctant party to do what a court requires of

him.").[1]

Metro D's blatant non-compliance with the terms of the Judgment and the Order

makes this a proper case for holding Metro D in contempt.  This Court issued a Judgment

directing the defendant to remit contributions and attendant damages due.  Leeds Decl. Ex. B.

Metro D has simply refused to comply with the Judgment.  Metro D's refusal to comply with the

Judgment has been compounded by its refusal to respond to an information subpoena and

---

[1] The Supreme Court has stated, "[t]here can be no question that courts have the inherent power to enforce compliance with their lawful orders through civil contempt."  *Shillitani v. United States*, 384 U.S. 364, 370 (1966).  *Accord* C. Wright, A. Miller & A. Marcus, FEDERAL PRACTICE AND PROCEDURE §3021 at 165-66, 168 (West 1997) (court has power to issue order of contempt to enforce its judgment); *U.S. v. Wendy*, 575 F.2d 1025, 1029  n. 12 (2d Cir. 1978).  A Court's interest in vindicating its authority is also a proper consideration in civil contempt proceedings.  *See id.* at n. 13.

subpoena duces tecum ad testificandum as well as, failing to appear for multiple depositions, despite Court Order, with threat of sanctions for non-compliance. *See Filmvideo Releasing, Corp. v. Hastings*, 517 F. Supp. 66, 68 (S.D.N.Y. 1981) (concluding that company will by subjected to fine under Rule 70 unless it delivers certain material to petitioner as required by prior judgment); *see U.S. v. Laurins*, 857 F.2d 529, 534, 535 (9th Cir. 1988), *cert. denied*, 492 U.S. 906 (1989) (affirming contempt conviction of individual who failed to obey court order to produce certain company records; the lower court had also entered an order of contempt against company involved for failing to produce the documents); *see also* Leeds Decl. ¶¶3-15 (setting forth "with particularity the misconduct complained of" as required under Local Rule 83.9(a) for a contempt proceeding).

Further, despite Metro D's lengthy period of recalcitrance, Plaintiffs sought for it to be held in contempt *only if* it continued its frustration of the Plaintiffs' effort to enforce the Judgment and take discovery in pursuit of the enforcement of the Judgment.  The instant motion was not filed until after Metro D had been served with the information subpoena, subpoena duces tecum ad testificandum and the Order, which specifically noted that sanctions would be imposed for non-compliance.  Despite this, Metro D remains in non-compliance with both the Judgment and the Order.

The Plaintiffs note that the $1,000 daily requested fine is in line with amounts awarded for violation of Court order.  *See, e.g.*, *Filmvideo Releasing*, 517 F. Supp. at 68 (holding that refusal to comply with Court order" will subject Respondent and his company "to a fine of $10,000."); *Gucci America, Inc. v. Gucci*, 07 Civ. 6820 (RMB)(JCF), 2009 WL 440463, at 7 (S.D.N.Y Feb. 20, 2009)(ordering sanctions be imposed at an amount of $1,000 for each day in which the defendants fail to comply with the terms of a temporary restraining order); *Export-*

-4-

*Import Bank of the Republic of China*, 06 Civ. 2469 (HB), 2010 WL 5463876, at 5 (S.D.N.Y. Dec. 29, 2010) (ordering sanctions be imposed at an amount of $1,000 per day should responses to post-judgment discovery demands not be provided within 14 days from the date of the Court order).

Plaintiffs further request that Metro D be ordered to pay to the Funds <u>$4,998.52</u> in attorneys' fees and costs "necessitated by the[se] contempt proceeding[s]," as permitted under Local Rule 83.9(a).  *See* Leeds Decl. ¶¶16-30 (contemporaneous time records setting forth bases for amount of requested attorney's fees and costs).  *Filmvideo Releasing*, 517 F. Supp. at 67, 68 (ordering plaintiff company and its President/sole stockholder to pay Rule 70 contempt fine unless material is produced, and for both "to reimburse Petitioners' attorneys [$1,000] for costs and counsel fees incurred in bringing" the Rule 70 motion).

Because Metro D thwarted the orders of this Court, particularly by refusing to comply with the Judgment and the Order, it should be sanctioned, both to compel it to obey the Court's rulings and to compensate the Plaintiffs for their expenditures in attempting to secure compliance.  The Plaintiffs will serve the motion and supporting documentation on Metro D, by first class mail and certified mail, return receipt requested.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' motion to hold Metro D in contempt

should be granted.


Dated: New York, New York
       May 25, 2012

                                      Respectfully submitted,

                          By:    /s/ Zachary N. Leeds
                                 Zachary N. Leeds
                                 COHEN, WEISS and SIMON LLP
                                 330 West 42nd Street
                                 New York, New York 10036
                                 (212) 563-4100

                                 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

JOSEPH A. FERRARA, SR., FRANK H. FINKEL,    :
MARC HERBST, DENISE RICHARDSON,             :
THOMAS CORBETT, ANTHONY D'AQUILA,           :
THOMAS GESUALDI, LOUIS BISIGNANO,           :        Case No.:
DOMINICK MARROCCO, and ANTHONY              :        10-CV-4215 (SLT)(LB)
PIROZZI, as Trustees and Fiduciaries of the Local :
282 Welfare Trust Fund, the Local 282 Pension :
Trust Fund, the Local 282 Annuity Trust Fund, the :
Local 282 Job Training Trust Fund, and the Local :
282 Vacation and Sick Leave Trust Fund,     :
                               Plaintiffs,  :
          - against -                       :
                                            :
METRO D EXCAVATION & FOUNDATION,            :
INC.,                                       :
                               Defendant.   :
                                            :
                                            :

---------------------------------------------------------------- x

**DECLARATION OF ZACHARY N. LEEDS IN SUPPORT OF PLAINTIFF'S
MOTION TO HOLD DEFENDANT METRO D EXCAVATION & FOUNDATION, INC.
IN CONTEMPT**

       I, Zachary N. Leeds, under penalty of perjury and in lieu of an affidavit as permitted by 28 U.S.C. §1746, declare as follows:

       1.    I am an associate with the firm of Cohen, Weiss and Simon LLP, counsel to Plaintiffs, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, Thomas Corbett, Anthony D'Aquila, Thomas Gesualdi, Louis Bisignano, Dominick Marrocco, and Anthony Pirozzi, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (the "Funds") and I am a member of the Bar of this Court.

2.     I am fully familiar with the facts and circumstances asserted herein.  I submit this Declaration in support of Plaintiffs' motion under Fed. R. Civ. P. 70 and Local Rule 83.6 for civil contempt against defendant Metro D Excavation & Foundation Inc. ("the Company" or "Metro D") and order.

(a)     that until full compliance with the Judgment entered by the Court on August 17, 2011 (Docket No. 11) (the "Judgment") and this Court's February 22, 2012 Order compelling responses to post-judgment discovery (the "Order") is obtained, daily fines of $1,000 be imposed against Metro D plus it also be held liable for $4,998.52 in attorney's fees and costs incurred in enforcing the Judgment; and

(b)     any further relief the Court deems just.

Procedural History

3.     On September 16, 2010, the Plaintiffs commenced an action against Metro D under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145 ("ERISA").  A copy of the Complaint is attached as Exhibit A.

4.     The action arose, in part, from the failure of Metro D to pay contributions as required by the terms of collective bargaining and trust agreements.  (Ex. A¶¶ 12-34.)

5.     Metro D failed to file an answer to the Complaint, and accordingly, the Clerk of the Court entered its default.  (Docket No. 7)

6.     Following the Funds' filing of a motion for judgment by default, the Court entered judgment.  A copy of the Judgment is attached hereto as Exhibit B.

7.     Pursuant to the Judgment Metro D was directed to remit $49,735.67 in delinquent contributions and attendant damages.  *See* Ex. B.

8.     Metro D has failed to remit the amounts due pursuant to the Judgment and have failed to comply with any of the other requirements of the Judgment.

-2-

9.      On September 7, 2011 the Plaintiffs sent a restraining notice and information subpoena to Metro D by certified mail.  A copy of the information subpoena is attached as Exhibit C.  On November 22, 2011 the Plaintiffs served Metro D with a Subpoena Duces Tecum Ad Testificandum dated November 18, 2011 commanding it to produce documents by January 9, 2012 and appear at a deposition on January 26, 2012.  A copy of the Subpoena is attached as Exhibit D.  The affidavits of service of the subpoena is attached as Exhibit E.

10.     The Company failed to respond to the subpoena or appear at the deposition, or otherwise contact plaintiff.  A copy of Metro D's January 26, 2012 deposition transcript noting its failure to appear is attached as Exhibit F.

11.     Consequently, by February 17, 2012 letter motion (the "Letter Motion"), the Funds moved the Court for sanctions to be imposed against Metro D if it failed to produce documents responsive to the subpoenas by March 16, 2012 and appear at a deposition on March 27, 2012.  A copy of the Letter Motion is attached hereto as Exhibit G.

12.     On February 22, 2012, the Court entered the Order, pursuant to which, the Defendant was required to produce information and documents in response to the subpoenas, and appear at a deposition scheduled for March 27, 2012.  The Order specifically stated: "This is a Court Order and defendant must comply.  Defendant is hereby warned that if it fails to respond to plaintiffs' information subpoena or request for production of documents, or fails to timely appear for the deposition on March 27, 2012, the court shall impose sanctions which may include contempt of court."  A copy of the Order is attached hereto as Exhibit H.

13.     By cover letter dated February 23, 2012, Plaintiffs served the Order on Metro D.  A copy of this letter is attached hereto as Exhibit I.

14.     By letter dated March 21, 2012, the Company was sent a letter reminding it of its  upcoming deposition. This letter is attached as Exhibit J.

15.     Despite the Order, the Company failed to provide the information or documents requested in the subpoenas or appear at the March 27, 2012 deposition.

Attorney's Fees and Costs Expended

16.     By their motion, filed herewith, the Plaintiffs also seek attorneys' fees and costs incurred in attempting to enforce the Judgment.

17.      I am the attorney who has been responsible for enforcement of the Judgment and Order.  Partner Joseph Vitale, and paralegals Rhiannon N. Batchelder  and Jeanne M. Mariani have assisted in this matter.

18.     The Firm billed the Funds on an hourly basis at the rate of $400.00 per hour for partner time, $375 per hour for my time, and $110 per hour for the time of Ms. Batchelder and Ms. Mariani.

19.     Attached as Exhibit K are the relevant billing summaries and contemporaneous time slips relevant to this motion.

20.     It is my opinion that the fees charged in this matter are reasonable.  The attorney and paralegal time in this action was spent drafting and serving post-judgment discovery and restraining notices, arranging for docketing of the judgment and service of process of post-judgment discovery, appearing at depositions, communicating with the Trustees, and drafting this motion.

21.     This firm is engaged almost exclusively in the representation of labor unions and employee benefit plans.  I am a 2004 graduate of Harvard Law School, and have been engaged in employee benefits practice since 2005.  Mr. Vitale is a 1989 graduate of Fordham University Law School, and has been engaged in labor and employee benefits practice since 1990.

22.     Hours were spent as follows:

| | | |
|---|---|---|
| Joseph J. Vitale | $80.00 | (.1 hrs. at $400/hr.) |
| Zachary N. Leeds | $2,212.50 | (5.9 hrs. at $275/hr.) |
| Jeanne M. Mariani | $1,474.00 | (13.4 hrs. at $110/hr.) |
| Rhiannon N. Batchelder | $110.00 | (1 hr. at $110/hr.) |
| **TOTAL** | **$3,876.50** | |

23.     Plaintiffs currently seek $3,876.50 attorney's fees.  *See* Ex. K.

24.     Plaintiffs also incurred expenses of $1,122.02, consisting of court fees, deposition transcript fees, postage, photocopies, process service fees, and computer research. These amounts are accounted for in the "Professional Charges" section of the billing summaries and contemporaneous time slips attached hereto as Exhibit K.

25.     Photocopies primarily relate to copies made of the abstract of judgment, deposition transcripts, and related correspondence. Postage was expended with respect to serving post-judgment discovery and restraining notices, arranging for docketing of the judgment and service of process of post-judgment discovery.

26.     The Firm utilizes Copitrack, a cost recovery system, to track photocopies and telephone calls.  Prior to making a photocopy or telephone call or sending a facsimile, Firm personnel are required to input a nine-digit client matter number (in this case, 0240.10208). Copitrack then tabulates the number of photocopies made as well as the total photocopying costs

-5-

at ten cents per page photocopied.  Copitrack also tabulates the actual cost of telephone calls and facsimiles incurred by the Firm.  Once tabulated, Copitrack enters the cost of the photocopies, telephone calls, and facsimiles directly into the Firm's billing system, and the costs are reflected on the bill (or pre-bill).

27.    The Firm utilizes Neopost to track postage expended.  Prior to weighing letters and packages and generating postage stamps, Firm personnel are required to input a nine-digit client matter number.  Once tabulated, utilizing rates set by the United States Postal Service, Neopost enters the postage cost directly into the Firm's billing system, and the postage costs are reflected on the bill (or pre-bill).

28.    Costs expended for document delivery services and expenditures for additional travel time incurred (listed in the bills and pre-bill as ground transportation) relate to fees incurred in delivering documents, such as the hand-filed complaints.

29.    The costs and disbursements sought to be taxed have been necessarily made or incurred in the prosecution of this action.

30.    By this motion for contempt, Plaintiffs seek **$4,998.52** in total attorney's fees and costs.  *See* Ex. K.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 25, 2012
       New York, New York

/s/ Zachary N. Leeds

-6-

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JOSEPH A. FERRARA, SR., FRANK H. FINKEL,
MARC HERBST, DENISE RICHARDSON,
THOMAS F. CORBETT, ANTHONY D'AQUILA,
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, and ANTHONY
PIROZZI, as Trustees and Fiduciaries of the Local
282 Welfare Trust Fund, the Local 282 Pension
Trust Fund, the Local 282 Annuity Trust Fund, the
Local 282 Job Training Trust Fund, and the Local
282 Vacation and Sick Leave Trust Fund,

Plaintiffs,

- against -

METRO D EXCAVATION & FOUNDATION,
INC.,

Defendant.
------------------------------------------------------------x



BROOKLYN OFFICE

Civil Action No.:

cv 10 - 4215

TOWNES, J.

BLOOM, M.J.

## COMPLAINT

Plaintiffs Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise

Richardson, Thomas F. Corbett, Anthony D'Aquila, Thomas Gesualdi, Louis Bisignano,

Dominick Marrocco, and Anthony Pirozzi, as Trustees and fiduciaries of the Local 282 Welfare

Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282

Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively,

the "Funds"), for their complaint allege as follows:

## INTRODUCTION

This is an action by the Trustees and fiduciaries of employee benefit plans for

injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145. This

00157813.DOC 1

action arises from the failure of defendant Metro D Excavation & Foundation, Inc. ("Metro") to permit the Funds to conduct an audit of Metro's books and records.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, Sections 502(a)(3), 502(e)(1), 502(f) and 515 of ERISA, 29 U.S.C. §§1132(a)(3), 1132(e)(1), 1132(f) and 1145.

2.      Venue lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), as the Funds are administered in this district.

## THE PARTIES

3.      Plaintiffs are Trustees and fiduciaries of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).  Plaintiffs have discretion and control over the assets and administration of the Funds.

4.      The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and §1002(37), with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042. The Funds are jointly administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

5.      Pursuant to the terms of various collective bargaining agreements between Local 282, International Brotherhood of Teamsters ("Local 282" or the "Union") and various employers (the "Employers"), the Employers, including Metro, are required to contribute to the Funds on behalf of employees covered by the collective bargaining agreements.

6.      The Funds are maintained pursuant to a Restated Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving

- 2 -

contributions from the Employers and providing benefits to eligible participants.

7.      The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).  The Funds are third-party beneficiaries of the collective bargaining agreements.

8.      Upon information and belief, Metro is, and at all times relevant to this action has been, a New York company, with an address at 47-01 Greenpoint Avenue #189, Sunnyside, New York 11104.  Metro is, and at all times relevant to this action has been, engaged in the trucking business within the State of New York.  Metro is, and at all times relevant to this action has been, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Article I, Section 1 of the Trust Agreement.

## FACTUAL BASIS FOR CLAIMS

The Collective Bargaining Agreement, the Trust Agreement, and
the Obligations to Contribute to the Funds and Submit to Audit

9.      Metro was a party to the 2006-2009 Metropolitan Trucker's Association and Independent Trucker's Contract with Local 282 for the period July 1, 2006 through June 30, 2009 (the "CBA"), with an effective date of September 24, 2008.

10.     At all times relevant to this action, the CBA has required Employers that are parties thereto to make contributions to the Funds on behalf of their covered employees, at specified rates for each hour of covered employment, subject to certain limitations and premium payments which are set forth therein.

11.     The CBA binds Employers to the Trust Agreement.

The Trust Agreement and the Obligation to Permit an Audit

12.     Article IX, Section 1(c) of the Trust Agreement requires an Employer to submit detailed written remittance reports to the Trustees, together with each

- 3 -

contribution payment to the Funds. These reports state the Employer's monthly statement of the number of hours worked by its employees who are covered by the CBAs as well as the Employer's stated monthly contribution to each Fund.

13.     The Trust Agreement further requires an Employer to submit to periodic audits of its relevant books and records. Specifically, Article IX, Section 1(d) of the Trust Agreement provides that "[t]he [Board of] Trustees may at any time audit the pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

14.     Article IX, Section 1(d) of the Trust Agreement specifically defines "pertinent books and records" to include but not be limited to:

(a)     Payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record;

(b)     Payroll tax records submitted to federal and state governments, including Forms 941, W-2;

(c)     Complete business income tax returns;

(d)     Cash disbursements records;

(e)     General ledgers;

(f)     Records relating to the hiring of trucks, including equipment vouchers, invoices and payment records; and

(g)     Any other records specifically requested by the Funds' auditors, including the classification of Employees, their social security numbers, and the amount of wages paid and hours worked.

15.     Article IX, Section 1(d) of the Trust Agreement additionally provides that pertinent books and records of an Employer include:

the books and records of any business which is bound by a collective bargaining agreement with the Union which requires contributions to any of the Funds and any other business entity which is affiliated with such business and which either: 1) has employed persons who have performed the same type of work as the employees of the Employer covered by the Union agreement,

- 4 -

or 2) is part of a group of trades or businesses "under common control," as that term is used in 29 U.S.C. §1301(b)(1) for withdrawal liability purposes, which includes the Employer.

16.    The Trust Agreement requires an Employer to submit to audit in order to verify that all contributions required under the CBAs have been remitted to the Funds, that such contributions have been made solely on behalf of individuals eligible to participate in the Funds and that covered employees are receiving the required benefits and/or credits.

17.    Article IX, Section 1(f) of the Trust Agreement provides that the Trustees may "apply for and be entitled to a mandatory injunction directing the Employer to produce its said books and records for audit."

18.    Article IX, Section 1(e) of the Trust Agreement further provides that an Employer who fails to submit the required remittance reports and/or pertinent books and records within twenty days of written demand must pay an increased monthly contribution, which is computed by first adding 10% to the number of hours for the month in which the largest number of hours were reported in the previous twelve (12) remittance reports submitted by the Employer (hereinafter referred to as the "base month"). This Section of the Trust Agreement further provides that: (1) in the event that an audit discloses unreported hours for the base month, the amount of said unreported hours plus 10% thereof shall be added to arrive at the total number of covered hours, and (2) if there is no base month because there are no previous remittance reports or audit reports, then the Employer shall be deemed to have the number of employees that the Union reports in writing that the Employer is employing, with each employee deemed to have worked 40 hours per week for the entire unreported period. Once a total number of covered hours is arrived at by the above-described methods, it is then multiplied by the current contribution rates to determine the Employer's contribution liability.

19.    Article IX, Section 1(f) of the Trust Agreement additionally provides that

- 5 -

an Employer who submits the required remittance reports, but thereafter fails to comply with an audit request within twenty days of written demand, is liable for an additional monthly contribution, which is computed "by taking 50 percent of the number of hours reported for that month and [] multiplying said number of hours by the current contribution rate."

20.     Where an audit discloses a delinquency, an Employer, in addition to paying the contributions identified as being owed, is required under Article IX, Section 3 of the Trust Agreement to pay interest on the monies due, liquidated damages, attorney's fees, audit fees, filing fees, and costs.  Pursuant to Article IX, Section 3, as amended, interest for contribution obligations that accrue on or after November 1, 2003 is calculated at the rate of 1-1/2 percent per month.  Interest is due from the first day of the month when the payment was due to the date when payment is made.

<u>The Failure to Allow an Audit</u>

21.     By letter dated December 8, 2009, the Funds' auditors requested that Metro submit to an audit for the period of September 24, 2008 through October 31, 2009.

22.     By letter dated February 23, 2010, Funds' counsel requested that Metro submit to an audit for the period commencing September 24, 2008 through the date of the audit.

23.     Despite the foregoing actions by the Funds, Metro has failed to produce its books and records to audit and pay amounts which would be due as a result of an audit and/or estimated audit.

## FIRST CAUSE OF ACTION

24.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

25.     Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who

is obligated to make contributions to a multiemployer plan under the terms of the plan or under

the terms of a collectively bargained agreement . . . [to] make such contributions in accordance

with the terms and conditions of such plan or such agreement."

      26.    Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), provides that a civil

action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or

practice which violates any provision of this title or the terms of the plan, or (B) to obtain other

appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this

title or the terms of the plan."

      27.    Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that, "[i]n

any action brought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment

in favor of the plan is awarded, the court shall award the plan –

        (a)    the unpaid contributions,

        (b)    interest on the unpaid contributions,

        (c)    an amount equal to the greater of –

            (i)    interest on the unpaid contributions, or

            (ii)    liquidated damages. . . in an amount not in excess of 20 per
                  cent of the [unpaid contributions],

        (d)    reasonable attorney's fees and costs of the action, to be paid by the
            defendant, and

        (e)    such other legal or equitable relief as the court deems
            appropriate . . . ."

      28.    Section 502(g)(1) of ERISA, 29 U.S.C. §1132 (g)(1), further provides that

"[i]n any action under this subchapter [other than one described in 502(g)(2)] by a participant,

beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and

costs of action . . . ."

29.   Metro, by virtue of its failure to submit to an audit, is subject to an injunction ordering it to submit immediately to such audit and is required to pay the contributions due according to the audit, interest on the delinquent contributions, liquidated damages, audit fees, attorney's fees, and costs.

30.   Metro, by virtue of its failure to submit to an audit within twenty (20) days of written demand, is further liable for an increased monthly contribution for each month during the period for which the books and records were not produced.

31.   In accordance with Article IX, Section 1(e) of the Trust Agreement, for each month in which an Employer failed to submit required remittance reports and/or failed to submit pertinent books and records to the Funds' auditors within twenty days of written demand, the Employer's contribution rate due under the Trust Agreement provision is computed as stated therein.

32.   In accordance with Article IX, Section 1(f) of the Trust Agreement, for each month in which an Employer did submit required remittance reports but failed to submit pertinent books and records for audit within twenty days of written demand, the Employer's increased monthly contribution rate due under this Trust Agreement provision is computed as stated therein.

33.   Metro is also required to pay interest on contributions due, liquidated damages, audit fees, attorney's fees, and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

34.   Metro, by failing to submit to an audit and/or pay amounts due as a result of an audit or estimated audit, and as required by the CBA and the Trust Agreement, has violated Section 515 of ERISA, 29 U.S.C. §1145, by failing to make contributions in accordance with the

- 8 -

terms of the plan documents of the Funds, thereby giving rise to an action under Section

502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), and remedies under Section 502(g) of ERISA, 29

U.S.C. §1132(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter a judgment:

1.      Ordering Metro to submit to audit by providing the Funds with all of its

pertinent books and records for the period from September 24, 2008 through June 30, 2009;

2.      Ordering Metro to pay (i) any delinquencies identified by the audit, (ii)

interest on the contributions at the rate of 18% per year from the first day of the month when the

payment was due through the date of payment, (iii) an amount equal to the greater (a) of interest

charged on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid

contributions, and (iv) the cost of the audit;

3.      Ordering Metro to further pay (i) estimated contributions in an amount

computed under Article IX, Sections 1(e) and/or 1(f) of the Trust Agreement for the period from

September 24, 2008 through June 30, 2009, (ii) interest on the contributions at the rate of 18%

per year from the first day of the month when the payment was due through the date of payment,

(iii) an amount equal to the greater of interest charged on the unpaid contributions or liquidated

damages of 20 percent of the unpaid contributions, and (iv) the costs incurred in estimating the

amounts due;

4.      Awarding plaintiffs reasonable attorney's fees and costs of this action

pursuant to Sections 502(g)(1) and (g)(2) of ERISA, 29 U.S.C. §§1132(g)(1) and (g)(2), and

Article IX, Section 3 of the Trust Agreement; and

5.    Ordering such other legal and equitable relief as the Court deems proper.

Dated: September 3, 2010
      New York, New York

Respectfully submitted,

Elizabeth O'Leary
Zachary N. Leeds
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiffs

- 10 -

# Exhibit B

**FILED**
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

★ AUG 1 7 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSEPH A. FERRARA, SR., FRANK H.
FINKEL, MARC HERBST, DENISE
RICHARDSON, THOMAS CORBETT,
ANTHONY D'AQUILA, THOMAS
GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, and ANTHONY
PIROZZI, *as Trustees and Fiduciaries of the*
*Local 282 Pension Trust Fund, the Local 282*
*Annuity Trust Fund, the Local 282 Job*
*Training Fund, and the Local 282 Vacation*
*and Sick Leave Trust Fund,*

JUDGMENT
10-CV-~~2113~~ (SLT)
4215

                              Plaintiffs,

        -against-

METRO D EXCAVATION &
FOUNDATION, INC.,

                              Defendant.
-------------------------------------------------------------------X

        A Memorandum and Order of Honorable Sandra L. Townes, United States

District Judge, having been filed on August 16, 2011, adopting in its entirety the unopposed

Report and Recommendation of Magistrate Judge Lois Bloom, dated July 7, 2011; granting

Plaintiffs' motion for a default judgment; directing the Clerk of Court to enter judgment against

Defendant Metro D Excavation & Foundation, Inc., in the amount of $23,484.65 for unpaid

contributions, $7,949.59 for interest plus *per diem* interest of $11.58 from February 25, 2011,

through the date of judgment; $7,949 for liquidated damages plus *per diem* liquidated damages

interest from February 25, 2011, through the date of judgment; $5,508.00 for attorney's fees,

$487.16 for costs, and $350.00 for audit fees; and denying plaintiffs' motion for injunctive

relief; it is

JUDGMENT
10-CV-4215 (SLT)

       ORDERED and ADJUDGED that the unopposed Report and Recommendation of Magistrate Judge Lois Bloom is adopted in its entirety; that Plaintiffs' motion for a default is granted; that judgment is hereby entered in favor of Plaintiffs Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, Thomas Corbett, Anthony D'Aquila, Thomas Gesualdi, Louis Bisignano, Dominick Marrocco, and Anthony Pirozzi, *as Trustees and Fiduciaries of the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Fund, and the Local 282 Vacation and Sick Leave Trust Fund,* and against Defendant Metro D Excavation & Foundation, Inc., in the amount of $23,484.65 for unpaid contributions, $7,949.59 for interest plus *per diem* interest of $11.58 form February 25, 2011, through the date of judgment in the amount of $2,003.34; $7,949.59 for liquidated damages plus *per diem* liquidated damages interest of $11.58 from February 25, 2011, through the date of judgment in the amount of $2,003.34; $5,508.00 for attorney's fees, $487.16 for costs, and $350.00 for audit fees; and that it is further,

       ORDERED and ADJUDGED that Plaintiffs' motion for injunctive relief is denied.

Dated: Brooklyn, New York
      August 16, 2011

                                ROBERT C. HEINEMANN
                                Clerk of Court

# Exhibit C

# COHEN, WEISS AND SIMON LLP

### COUNSELLORS AT LAW

330 WEST 42ND STREET

NEW YORK, N.Y. 10036-6976

————

(212) 563-4100

WRITER'S DIRECT INFORMATION:

PHONE: (212) 356-0243
FAX: (646) 473-8243
E-MAIL: ZLEEDS@CWSNY.COM

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
TRAVIS M. MASTRODDI

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)

————

DAVID R. HOCK*
CLAIRE TUCK*
RICHARD C. HARMON
MARCELLE J. HENRY
EVAN HUDSON-PLUSH*
MICHAEL S. ADLER*
JOSHUA ELLISON*
ZACHARY N. LEEDS
TZVI MACKSON
NOELIA E. JARAMILLO
DANYA AHMED*

\* ALSO ADMITTED IN NJ

September 7, 2011

By Certified Mail—Return Receipt Requested

Metro-D Excavation and Foundation, Inc.
50-63 41st Street
Astoria, New York, 11104

> Re:   Ferrara et. al., v. Metro-D Excavation and Foundation, Inc. 11-CV-4125
> (SLT)

Dear Sir/Madam:

This firm represents the plaintiff in the above referenced matter.  Enclosed please find two copies of a Restraining Notice and Information Subpoena as well as copy of the relevant judgment obtained against Metro D.  Please return the above referenced documents in the enclosed postage-paid, self-addressed stamped envelope.  If you have any questions, please call me.

Thank you.

Very truly yours,

*Zachary Leeds* MK

Zachary N. Leeds

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JOSEPH A. FERRARA, SR., FRANK H.
FINKEL, MARC HERBST, DENISE
RICHARDSON, THOMAS CORBETT,
ANTHONY D'AQUILA, THOMAS GESUALDI,
LOUIS BISIGNANO, DOMINICK MARROCCO,
and ANTHONY PIROZZI, as Trustees and
Fiduciaries of the Local 282 Pension Trust Fund,
the Local 282 Annuity Trust Fund, the Local 282
Job Trust Fund, and the Local 282 Vacation and
Sick Leave Trust Fund,

                         Plaintiff,

      - against -

METRO D EXCAVATION AND FOUNDATION,
INC.,

                         Defendant.

---------------------------------------------------------------x

Case No.
11-CV-4215 (SLT)


**RESTRAINING NOTICE
AND INFORMATION
SUBPOENA**

TO:    Metro D Excavation and Foundation, Inc.
        50-63 41st Street
        Astoria, New York, 11104

      In an action in this Court between Joseph A. Ferrara, Sr., Frank H. Finkel, Marc

Herbst, Denise Richardson, Thomas Corbett, Anthony D'aquila, Thomas Gesualdi, Louis

Bisignano, Dominick Marrocco, and Anthony Pirozzi, as Trustees and Fiduciaries of the Local 282

Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Trust Fund, and the

Local 282 Vacation and Sick Leave Trust Fund, plaintiffs, and Metro D Excavation and

Foundation, Inc. ("Metro D"), defendant, a default judgment was entered on August 17, 2011 in

favor of plaintiff and against Metro D in the amount of $49,735.67, plus per diem interest of $11.58

from February 25, 2011 through the date of judgment equaling $2,014.92, all of which remains due

and owing.

00191764.DOC.1

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any property in which any Judgment-Debtor has an interest, or pay over, or otherwise dispose of, any debt except as therein provided.

**TAKE FURTHER NOTICE** that this Restraining Notice also covers all property in which any Judgment-Debtor has an interest hereafter coming into its possession or custody, and all debts hereafter coming due to any Judgment-Debtor, or both.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

**YOU ARE HEREBY DIRECTED** to answer in writing under oath, separately and fully, each question in the questionnaire accompanying this Restraining Notice and Information Subpoena, each answer referring to the question to which it responds; and that you return the answers, together with the original of the questions within seven (7) days after your receipt of the questions and this Restraining Notice and Information Subpoena in the stamped, self-addressed envelope enclosed herewith.

**TAKE NOTICE** that false swearing or failure to comply with this Information Subpoena is punishable as a contempt of court.

Dated: September 7, 2011
      New York, New York

                            Zachary N. Leeds
                            COHEN, WEISS and SIMON LLP
                            330 West 42nd Street
                            New York, New York 10036
                            (212) 356-0251

                            Attorneys for Judgment-Creditor

## CIVIL PRACTICE LAW AND RULES

Section 5222(b). Effect of restraint: prohibition of transfer; duration. A judgment-debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment-debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment-debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment-debtor or obligor has an interest, or if the judgment-creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment-debtor or obligor or that the judgment-debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment- debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment-debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment-creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment-debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging to the judgment-debtor or obligor in an amount equal to twice the amount on the judgment or order, the restraining notice is not effective as to other property or money.

## CERTIFICATION PURSUANT TO SECTION 5224(a)(3)(i)
## OF THE NEW YORK CIVIL PRACTICE LAW AND RULES

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES

WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND THAT I HAVE A

REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR

POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR

IN COLLECTING THE JUDGMENT.

_____
Zachary N. Leeds

**QUESTIONS TO BE ANSWERED BY DEFENDANT METRO D EXCAVATION &
FOUNDATION, INC. (THE "COMPANY" OR THE "JUDGMENT-DEBTOR"),
IN RESPONSE TO INFORMATION SUBPOENA**[*]

**Ferrara et. al., v. Metro D Excavation & Foundation, Inc.**
**Case No. 11-CV-4215 (SLT)**

## QUESTIONS FOR THE COMPANY

1.    What is the Company's full name, including all trade names?

      ANSWER _____

      _____

      _____

2.    What are the street and mailing addresses of all business locations of the judgment-debtor?

      ANSWER _____

      _____

      _____

3.    List the names and addresses of all stockholders, officers, and directors of the Company.

      ANSWER _____

      _____

      _____

4.    If the Company is a partnership, list the names and addresses of all partners.

      ANSWER _____

      _____

      _____

---

[*] If additional space is necessary, please use and attach additional pages.

5.     If the Company is a limited partnership, list the names and addresses of all general partners.

       ANSWER _____

       _____

       _____

6.     Set forth in detail the name, address, and telephone number of all businesses in which the principals of the Company now have an interest and set forth the nature of the interest.

       ANSWER _____

       _____

       _____

7.     For all bank accounts of the judgment-debtor maintained within the past thirty-six (36) months, list the name of the bank, the bank's address, the account number, and the name in which the account is held.

       ANSWER _____

       _____

       _____

8.     Specifically state the present location of all books and records of the Company, including checkbooks.

       ANSWER _____

       _____

       _____

9.     State the name and address of the person, persons or entities who prepare, maintain and/or control the Company records and checkbooks of the judgment-debtor.

ANSWER _____

_____

_____

10.     List all physical assets of the judgment-debtor and their location.  If any asset is subject to a

lien, state the name and address of the lien holder and the amount due on the lien.

ANSWER _____

_____

_____

11.     Does the business own any real estate?  Yes _____        No _____

If yes, state the following for each property:

(a)     Name(s) in which property is owned:

ANSWER _____

_____

(b)     Address of property:

ANSWER _____

_____

_____

(c)     Date property was purchased:

ANSWER _____

_____

_____

(d)     Purchase price:

ANSWER _____

_____

_____

(e)     Name and address of mortgage holder:

ANSWER _____

_____

_____

(f)     Balance due on mortgage:

ANSWER _____
_____
_____

(g)     Names and addresses of all tenants and monthly rentals paid by each tenant.

| NAME AND ADDRESS OF TENANT | MONTHLY RENTAL |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

12.     List all motor vehicles owned by the judgment-debtor, stating the following for each

vehicle:

     (a)     Make, model, and year:

          ANSWER _____

          _____

          _____

     (b)     License plate number:

          ANSWER _____

          _____

          _____

     (c)     Vehicle identification number (VIN):

          ANSWER _____

          _____

          _____

     (d)     If there is a lien on the vehicle, the name and address of the lien holder and the

amount due on the lien:

          ANSWER _____

          _____

          _____

13.     List all accounts receivable due the business, stating the name, address and amount due

on each receivable.

| NAME AND ADDRESS | AMOUNT DUE |
|---|---|
| | |
| | |
| | |

|  |  |
|--|--|
|  |  |

14.     For any transfer of business assets that occurred since January 1, 2007, specifically
identify:

     (a)     The nature of the asset:_____

_____

_____

     (b)     The date of the transfer:_____

_____

_____

     (c)     Name and address of the person to whom the asset was transferred:_____

_____

_____

     (d)     The consideration paid for the asset and the form in which it was paid (check,
cash, etc.):_____

_____

_____

     (e)     Explain in detail what happened to the consideration paid for the asset._____

_____

_____

_____

15.     If the business is alleged to be no longer active, set forth:

    (a)     The date of cessation _____

    (b)     All assets as of the date of cessation: _____

_____

_____

_____

    (c)     The present location of those assets: _____

_____

_____

If the assets were sold or transferred, set forth:

    (d)     The nature of the assets: _____

_____

_____

    (e)     Date of transfer: _____

_____

    (f)     Name and address of the person to whom the assets were transferred:

_____

_____

_____

    (g)     The consideration paid for the assets and the form in which it was paid:

_____

_____

    (h)     Explain in detail what happened to the consideration paid for the assets.

_____

_____

_____

16.    Set forth all other judgments that you are aware of that have been entered against the

judgment-debtor and include the following:

| Creditor's Name | Creditor's Attorney | Amount Due | Name of Court | Docket Number |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

17.    For all litigation in which the business is presently involved, state:

(a)    Date litigation commenced:_____

_____

(b)    Name of party who started the litigation:_____

_____

_____

(c)    Nature of the action:_____

_____

_____

(d)   Names of all parties and the names, addresses and telephone numbers of their attorneys:_____

_____

_____

_____

(e)   Trial Date:_____

_____

(f)   Status of the case:_____

_____

_____

(g)   Name of the court and docket number:_____

_____

18.   State the name, address and position of the person answering these questions.

ANSWER _____

State of_____

County of_____

Sworn to before me this
_____th day of _____ 2011.          _____
                                                (the name signed must be printed beneath)

_____
Notary Public

# Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOSEPH A. FERRARA, SR., FRANK H. FINKEL,      :
MARC HERBST, DENISE RICHARDSON,               :
THOMAS CORBETT, ANTHONY D'AQUILA,             :
THOMAS GESUALDI, LOUIS BISIGNANO,             :      Case No.
DOMINICK MARROCCO, and ANTHONY                :      11-CV-4215 (SLT)
PIROZZI, as Trustees and Fiduciaries of the Local   :
282 Pension Trust Fund, the Local 282 Annuity       :
Trust Fund, the Local 282 Job Trust Fund, and the   :
Local 282 Vacation and Sick Leave Trust Fund,       :
                                              :
                              Plaintiff,      :
                                              :
        - against -                           :      **SUBPOENA DUCES TECUM**
                                              :      **AD TESTIFICANDUM**
METRO D EXCAVATION AND FOUNDATION,            :
INC.,                                         :
                                              :
                              Defendant       :
                                              :
-------------------------------------------------------------------X

TO:   Metro D Excavation and Foundation, Inc.
      50-63 41st Street
      Astoria, New York, 11104

        In an action in this Court between Joseph A. Ferrara, Sr., Frank H. Finkel, Marc

Herbst, Denise Richardson, Thomas Corbett, Anthony D'Aquila, Thomas Gesualdi, Louis

Bisignano, Dominick Marrocco, and Anthony Pirozzi, as Trustees and Fiduciaries of the Local

282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Trust Fund, and

the Local 282 Vacation and Sick Leave Trust Fund, plaintiffs, and Metro D Excavation and

Foundation, Inc. ("Metro D"), defendant, a default judgment was entered on August 17, 2011 in

favor of plaintiff and against Metro D in the amount of $49,735.67, plus per diem interest of

$11.58 from February 25, 2011 through the date of judgment equaling $2,014.92, for a total

amount due of **$51,750.59** all of which remains due and owing.

**YOU ARE HEREBY COMMANDED** to produce copies of all documents described in Exhibit A, on or before January 9, 2012 at the offices of the Local 282 Trust Funds, c/o Theresa Cody, 2500 Marcus Avenue, Lake Success, NY 11042

**YOU ARE FURTHER COMMANDED,** pursuant to New York Civil Practice Law and Rules Sections 5223 and 5224, made applicable by Rule 69 of the Federal Rules of Civil Procedure, to designate a representative of the company to appear at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201 in Room S-402 on January 26, 2012 at 10:00 a.m., and at any adjourned date of examination, to be examined under oath, upon oral questions before a person authorized to conduct the examination, on all matters relevant to the satisfaction of the judgment in this action.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.

Dated: November 18, 2011
      New York, New York

Zachary N. Leeds
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 356-0251

Attorneys for Judgment-Creditor

## EXHIBIT A

### Definitions

1.    "Metro D" shall mean Metro D Excavation and Foundation, Inc.

2.    "Person" shall mean any natural person or any business, legal or governmental entity or association.

3.    "Property" shall mean real, personal, business, or other tangible property.

4.    "Materials and Equipment" shall mean inventory, materials, machinery, equipment, tools, trucks, automobiles or other personal property.

5.    "Asset" shall mean anything of value, including but not limited to property, cash, accounts receivable, security interests, promissory notes or any other right to repayment on a loan, and investments of any kind, ownership interests, goodwill, licenses, and customers lists.

6.    "Document" shall mean writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary by the respondent through detections devices into reasonably usable form, including without limitation, electronic or data compilations.

7.    "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise.

8.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

9.    "All/Each" shall be construed as all and each.

10.    "And/Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.     The use of the singular form of any word includes the plural and vice versa.

12.     The documents called for are those in the possession, custody or control of the Metro D, wherever located.

13.     Unless otherwise specified, the time period covered by this subpoena shall extend from January 1, 2009 through the present.

14.     The documents produced are to be segregated by request number.

15.     All requests made herein shall be construed to include any supplemental documents responsive to these requests that are later prepared, created or discovered.

## Document Requests

1.      The Articles of Incorporation and State Corporate Registration Certificates of Metro D.

2.      Corporate Bylaws of Metro D including any and all amendments or riders to such documents.

3.      All minutes or drafts of minutes of meetings of the Board of Directors of Metro D.

4.      All stock certificates issued by or concerning Metro D.

5.      All shareholder agreements concerning or referring to Metro D.

6.      All corporate notices, filings or reports concerning Metro D filed with, prepared for, or required by, any federal, state, or municipal authority.

7.      Any and all real estate deeds, leases, mortgages, mortgage notes, deeds of trust, deeds of trust notes, payment schedules, lease payments, lease accruals, mortgage payments, and all documents, including checks, related to payments of any and all leases, mortgages, or deeds of trust on property leased or owned by Metro D or held for Metro D beneficially by any person or trustee.

8.      Any and all records concerning ownership, rental, mortgage, security, or use of material and equipment (including vehicles), by Metro D or any person acting on behalf of Metro D.

9.      Any and all quarterly and annual corporate, state, and local tax returns prepared or filed by or on behalf of Metro D.

10.      Any and all financial statements, profit and loss statements, balance and income statements, balance sheets, trial balance sheets, ledgers, journals (including cash disbursements and cash receipts), accounting statements, accounting reports, or other documents

designated to present the financial condition and/or asset or property holdings of Metro D in summary form, prepared by Metro D's officers or directors or on its behalf by any person or entity, or submitted to any financial institutions.

11.    Copies of all checks, money orders, cashier's checks, wire transfers, electronic transfers, instruments of payments, negotiable instruments, or other documents representing payments or transfers of assets from Metro D to any of its officers, directors, shareholders, or companies or entities owned or controlled by these officers, directors, or shareholders.

12.    Any and all bank statements, money market account statements, stock broker account ledgers, passbooks, entry ledgers, computer printouts, or other graphic representations of whatever kind that reflect money, assets or business property held by Metro D at any financial institution, brokerage house, bank, savings institution, safe deposit and trust company, or other financial or credit company.

13.    Any and all documents memorializing the sale, merger, transfer of assets, or purchase by Metro D of any other person.

14.    Any and all documents memorializing the sale, merger, transfer of assets, or purchase by any other person of any ownership interest in Metro D.

15.    Any and all documents memorializing the sale or transfer of any asset sold or valued in excess of $500 from Metro D to any person.

16.    Any and all documents concerning the assumption by any person of the debts and/or liabilities of Metro D.

17.    Any and all documents concerning any surety bond, escrow account or any type of insurance procured or maintained by Metro D to guarantee payment of wages, dues,

and assessments, and contributions to any fringe benefit fund to which Metro D is obligated to make contributions pursuant to the terms of a collective bargaining agreement.

18.    Any and all documents concerning invoices submitted by Metro D to any third party for services rendered or materials supplied.

19.    Any and all operating licenses or other authorizations held by Metro D or otherwise in Metro D's name or possession.

20.    Any and all documents related to any operating licenses or other authorizations held by Metro D or otherwise in Metro D's name or possession.

21.    All taxes and schedules filed with, or received from, any local, state, or federal tax agency or department, including but not limited to personal income tax returns and schedules, K-1s and any related schedules, and any business tax returns.

22.    Any and all financial statements, profit and loss statements, balance and income statements, balance sheets, trial balance sheets, ledgers, journals (including cash disbursements and cash receipts), accounting statements, accounting reports, or other documents designed to present the financial condition of Metro D or any business entity.

# Exhibit E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph A. Ferrara, Sr., et al., as Trustees and Fiduciaries of the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, | INDEX#: 11-CV-4215(SLT) |

against                                    *Plaintiff(s)*

Metro D Excavation and Foundation, Inc.,

*Defendant(s)*

## AFFIDAVIT OF SERVICE

State of New York      }
County of New York    }  ss.:

The undersigned, being duly sworn, deposes and says;

Deponent is not a party herein, is over 18 years of age and resides in  Wheatley Heights, New York

That on **11/22/2011** at **9:06 AM** at **50-63 41st Street, Astoria, NY 11104**

deponent served a(n) **Subpoena Duces Tecum Ad Testificandum**

on **Metro D Excavation and Foundation Inc.,** a domestic corporation,

by delivering thereat a true copy to **Tara Persaud** personally, deponent knew said

corporation so served to be the corporation witness and knew said individual to be **Managing Agent** thereof.

Description of Person Served:
Gender: Female
Skin:  Brown
Hair: Brown
Age: 35
Height: 5' 4" - 5' 8"
Weight: 100-130 Lbs.
Other:

At the time of said service, deponent paid (tendered) in advance $45.00 the authorized traveling expenses and one day's witness fee.

Sworn to before me this
25th day of November, 2011

NOTARY PUBLIC
JOHN DICANIO
NOTARY PUBLIC STATE OF NEW YORK
WESTCHESTER COUNTY
LIC. # 01DI4977768
COMM EXP. 2/11/2015

Russell  Webb
License No. 1216146

# Exhibit F

1

2

UNITED STATES DISTRICT COURT
3   EASTERN DISTRICT OF NEW YORK
-----------------------------------x
4   JOSEPH A. FERRARA, SR., FRANK H.
FINKEL, MARC HERBST, DENISE
5   RICHARDSON, THOMAS CORBETT, ANTHONY
D'AQUILA, THOMAS GESUALDI, LOUIS
6   BISIGNANO, DOMINICK MARROCCO, and
ANTHONY PIROZZI, as Trustees and
7   Fiduciaries of the Local 282
Pension Trust Fund, the Local 282
8   Annuity Trust Fund, the Local 282
Job Trust Fund, and the Local 282
9   Vacation and Sick Leave Fund,

10                     Plaintiffs,      Case No.
11-CV-4215
11        -against-                     (SLT)

12   METRO D EXCAVATION AND FOUNDATION,
INC.,
13
                     Defendant.
14   -----------------------------------x

15

16           PROPOSED DEPOSITION of METRO D

17   EXCAVATION AND FOUNDATION, INC., taken on

18   behalf of Plaintiffs, at UNITED STATES

19   DISTRICT COURT, EASTERN DISTRICT OF NEW YORK,

20   225 Cadman Plaza East, Room S4, Brooklyn, New

21   York 11201, commencing at 10:29 a.m.,

22   Thursday, January 26, 2012, before Deborah

23   Huntsman, a Shorthand Reporter and Notary

24   Public of the State of New York.

25

ORIGINAL

```
 1

 2   A P P E A R A N C E S:

 3      COHEN, WEISS and SIMON LLP
        Attorneys for Plaintiffs
 4          330 West 42nd Street
            New York, New York   10036
 5
        BY:  ZACHARY N. LEEDS, ESQ.
 6           (212) 356-0251

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1               Proceedings
 2         MR. LEEDS:  I am Zachary Leeds,
 3    Plaintiffs' counsel.
 4         We are here pursuant to subpoena
 5    to depose the representatives of the
 6    Defendant in this case.
 7         The subpoena is marked as
 8    Plaintiffs' Exhibit 1.
 9         (Whereupon, the subpoena was
10    marked as Plaintiffs' Exhibit 1 for
11    identification, this date.)
12         MR. LEEDS:  The affidavit of
13    service of the subpoena is marked as
14    Plaintiffs' Exhibit 2.
15         (Whereupon, the affidavit of
16    service was marked as Plaintiffs'
17    Exhibit 2 for identification, this
18    date.)
19         MR. LEEDS:  It was served on
20    November 22, 2011, on a representative
21    of the Defendant.
22         The deposition was scheduled to
23    begin at 10:00.  It is now about
24    10:30.  The Defendant has not
25    contacted me or, to my knowledge,
```

```
 1              Proceedings
 2     anyone else representing the
 3     Plaintiffs in this case regarding the
 4     deposition, and the Defendant is not
 5     here.
 6              We will now close the record.
 7              (Time noted:  10:30 a.m.)
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1

2    WITNESS        EXAMINATION           PAGE

3    None

4

5                  E X H I B I T S

6

7

8    PLAINTIFFS'
     FOR IDENTIFICATION             PAGE

9    1   The subpoena               3

10   2   The affidavit of service     3

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1
 2                    C E R T I F I C A T E
 3    STATE OF NEW YORK      )
                             : SS:
 4    COUNTY OF KINGS        )
 5
 6            I, DEBORAH HUNTSMAN, a Shorthand
 7    Reporter and Notary Public within and for the
 8    State of New York, do hereby certify:
 9            That the within is a true and
10    accurate transcript of the proceedings taken
11    on the 26th day of January, 2012.
12            I further certify that I am not
13    related by blood or marriage to any of the
14    parties and that I am not interested in the
15    outcome of this matter.
16            IN WITNESS WHEREOF, I have hereunto
17    set my hand this 26th day of January, 2012.
18                        Deborah Huntsman
19                        DEBORAH HUNTSMAN
20
21
22
23
24
25
```

# Exhibit G

Cohen, Weiss and Simon LLP

Bruce H. Simon
Robert S. Savelson
Stephen B. Moldof
Michael E. Abram
Keith E. Secular
Peter Herman
Richard M. Seltzer
Jani K. Rachelson
Babette Ceccotti*
Susan Davis*
Michael L. Winston
Thomas N. Ciantra
Joseph J. Vitale*
Peter D. DeChiara
Lisa M. Gomez*
Bruce S. Levine
Travis M. Mastroddi

Counsellors at Law

330 West 42nd Street
New York, N.Y. 10036-6976

———

(212) 563-4100

Writer's Direct Information:

Phone: (212) 356-0243
Fax: (646) 473-8243
E-Mail:
ZLEEDS@CWSNY.COM

Samuel J. Cohen (1908-1991)
Henry Weiss (1910-2004)

———

Richard C. Harmon
SENIOR ATTORNEY

David R. Hock*
Claire Tuck*
Marcelle J. Henry
Evan Hudson-Plush*
Michael S. Adler*
Joshua Ellison*
Zachary N. Leeds*
Tzvi Mackson
Noelia E. Hurtado
Danya Ahmed*
Kate M. Swearengen**

* ALSO ADMITTED IN NJ
** ADMITTED IN NJ ONLY

February 17, 2012

<u>By Electronic Case Filing and Regular Mail</u>

The Honorable Lois Bloom
United States Magistrate District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1214 S
Brooklyn, NY 11201

        Re:    *Ferrara et. al., v. Metro D Excavation and Foundation, Inc.*
            <u>Case No. 10-CV-4215 (SLT)(LB)</u>

Dear Judge Bloom:

       This firm represents the plaintiffs in the above-referenced matter.  We write pursuant to Local Rule 37.3 and Federal Rules of Civil Procedure 37 and 69(a) to seek an order directing defendant Metro D Excavation and Foundation, Inc. (the "Company"), to appear for a post-judgment deposition and produce documents pursuant to a Subpoena Deuces Tecum Ad Testificandum, and to provide answers to an information subpoena, served pursuant to 5224 of the N.Y.C.P.L.R.

       In this case, on August 17, 2011, the Court entered a default judgment against the Company for $49,735.67, plus per diem interest of $11.58 from February 25, 2011 through the date of judgment equaling $2,014.92.  A copy of the Default Judgment is attached as Exhibit A.

       On September 7, 2011 plaintiffs sent a restraining notice and information subpoena to the Company by certified mail, return receipt requested.  A copy of the restraining notice and information subpoena is attached as Exhibit B.  The Company failed to respond to the information subpoena.

00210847.1

COHEN, WEISS AND SIMON LLP

The Honorable Lois M. Bloom
February 17, 2012
Page 2

On November 22, 2011 the Company was served with a Subpoena Duces Tecum Ad Testificandum dated November 18, 2011 commanding them to produce documents by January 9, 2012 and appear at a deposition on January 26, 2012 at the Brooklyn Federal Courthouse.  A copy of the subpoena is attached as Exhibit C.  The affidavit of service of the subpoena is attached as Exhibit D.

The Company failed to respond to the subpoena or appear at the deposition, or otherwise contact the plaintiffs regarding the subpoenas.  A copy of the Company's January 26, 2012 deposition transcript noting its failure to appear is attached as Exhibit E.

As of today, plaintiffs have not heard from the Company.

Pursuant to Section 5224 of the N.Y.C.P.L.R, made applicable to this proceeding by Fed. R. Civ. P. 69(a), the Company is required to respond to the subpoena and information requests, which it has failed to do.

Federal Rule of Civil Procedure 37 provides that in the event a party fails to respond to discovery, the party seeking discovery may move to compel such discovery.  Pursuant to Rule 37, and Local Rule 37.3, plaintiffs hereby request that this Court issue an Order requiring the Company to comply with the information subpoena and the Subpoenas Duces Tecum Ad Testificandum served on it by the plaintiffs.  Specifically, plaintiff requests that the Company be required to produce documents responsive to the subpoena at this firm by March 16, 2012.  Plaintiffs further request that Company be required to appear at a deposition at this firm on March 27, 2012 at 10 a.m.  A Proposed Order along these lines is attached as Exhibit F.

Thank you for your consideration.

Respectfully submitted,


/s/ Zachary N. Leeds

ZNL;jmm

cc:     Metro D Excavation and Foundation, Inc. (by certified and regular mail)

# Exhibit H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSEPH A. FERRARA, SR., FRANK H.
FINKEL, MARC HERBST, DENISE
RICHARDSON, THOMAS CORBETT,
ANTHONY D'AQUILA, THOMAS
GESUALDI, LOUIS BISIGNANO, DOMINICK
MARROCCO, and ANTHONY PIROZZI,
*as Trustees and Fiduciaries of the Local 282*
*Welfare Trust Fund, the Local 282 Pension*
*Trust Fund, the Local 282 Annuity Trust Fund,*
*the Local 282 Job Training Fund, and the Local*
*282 Vacation and Sick Leave Trust Fund,*

              Plaintiffs,

       -against-

METRO D EXCAVACTION & FOUNDATION,
INC.,

           Defendant.

------------------------------------------------------------X

**ORDER**
**10 CV 4215 (SLT)(LB)**

**BLOOM, United States Magistrate Judge:**

      Plaintiffs move pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel defendant to respond to post-judgment discovery requests and to appear for a deposition. (Docket entry 12.)  "Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure."  First City, Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48, 54 (2d Cir. 2002).  Rule 69(a)(2) of the Federal Rules of Civil Procedure provides that "[i]n the aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

Article 52 of the Civil Practice Law and Rules ("CPLR") governs the procedure for post-judgment discovery under New York law. Section 5223 of the CPLR provides that "at any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena . . . ." Section 5224(a) of the CPLR sets forth the various kinds of subpoenas that may be used by a judgment creditor, including a subpoena requiring attendance for the taking of a deposition, a subpoena *duces tecum* requiring the production of books and papers for examination, and an information subpoena. Under Rule 37(a) of the Federal Rules of Civil Procedure, a judgment creditor may seek to compel a judgment debtor's compliance with post-judgment discovery requests made pursuant to the Federal Rules or Section 5224 of the CPLR. See U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc., 270 F.R.D. 136, 141 (E.D.N.Y. 2010) (granting motion to compel responses to post-judgment interrogatories and document requests made pursuant to the Federal Rules); Beller & Keller v. Kindor, No. 94 Civ. 7682 (RPP), 2003 U.S. Dist. LEXIS 13171, at *8 (S.D.N.Y. June 4, 2003) (granting motion to compel responses to post-judgment interrogatories made pursuant to Section 5224 of the CPLR).

On August 16, 2011, the Court entered a default judgment against defendant for $49,735.67. (Docket entry 11.) On September 7, 2011, plaintiffs sent an information subpoena to defendant pursuant to Section 5224 of the CPLR. (Docket entry 12, at Ex. B.) On November 22, 2011, plaintiffs served defendant with a subpoena *duces tecum* pursuant to Section 5224 of the CPLR, seeking the production of certain documents by January 9, 2012 and commanding the appearance of a representative from Metro D Excavation & Foundation, Inc. for a deposition on January 26, 2012. (Docket entry 12, at Ex. C and D.) Defendant failed to appear for the

deposition and failed to respond to the information subpoena or the subpoena seeking the production of documents.  (Docket entries 12, at Ex. E.)

In light of plaintiffs' good faith effort to seek discovery which it is entitled to obtain under Rule 69 of the Federal Rules of Civil Procedure and defendant's willful failure to comply with any of plaintiffs' post-judgment discovery requests, the Court hereby grants plaintiffs' motion to compel.  Defendant shall respond to plaintiffs' information subpoena and produce all documents responsive to plaintiffs' subpoena *duces tecum* by March 16, 2012.  An appropriate representative of Metro D Excavation & Foundation, Inc. shall appear for a deposition on March 27, 2012 at 10:00 a.m. at the offices of Cohen, Weiss, and Simon LLP, 330 West 42nd Street, 25th Floor, New York, New York.  **This is a Court Order and defendant must comply.**  Defendant is hereby warned that if it fails to respond to plaintiffs' information subpoena or request for production of documents, or fails to timely appear for the deposition on March 27, 2012, the Court shall impose sanctions which may include contempt of court.  See Fed. R. Civ. P. 37(b)(2)(A) ("If a party or a party's officer, director or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders . . . includ[ing] the following: (vii) treating as contempt of court the failure to obey an[] order.").

Plaintiffs are hereby ordered to serve a copy of this Order upon defendant at its last known addresses and file proof of service with the Court forthwith.

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated:  February 22, 2012
        Brooklyn, New York

# Exhibit I

# COHEN, WEISS AND SIMON LLP

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
TRAVIS M. MASTRODDI

COUNSELLORS AT LAW
330 WEST 42ND STREET
NEW YORK, N.Y. 10036-6976

(212) 563-4100

WRITER'S DIRECT INFORMATION:

PHONE: (212) 356-0243
FAX: (646) 473-8243
E-MAIL: ZLEEDS@CWSNY.COM

February 23, 2012

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)

RICHARD C. HARMON
SENIOR ATTORNEY

DAVID R. HOCK*
CLAIRE TUCK*
MARCELLE J. HENRY
EVAN HUDSON-PLUSH*
MICHAEL S. ADLER*
JOSHUA ELLISON*
ZACHARY N. LEEDS*
TZVI MACKSON
NOELIA E. HURTADO
DANYA AHMED*
KATE M. SWEARENGEN**

* ALSO ADMITTED IN NJ
** ADMITTED IN NJ ONLY

<u>By Certified Mail and Regular Mail</u>

Metro D. Excavation & Foundation, Inc.
50-63 41st Street
Astoria, New York 11104

Re:   *Ferrara et al. v. Metro D Excavation and Foundation. Inc.*
      <u>10-CV-4215 (SLT)(LB)</u>

To Whom It May Concern:

This firm is counsel to the Plaintiffs in this case.  Enclosed is copy of an Order entered by the Court in this case on February 22, 2012.  The Order requires you to:

1. Respond to the information subpoena previously served upon you.
2. Produce all documents responsive to Plaintiff's Subpoenas Duces Tecum Ad Testificandum previously served on you, by 5:00 p.m. on <u>March 16, 2012</u> at the offices of Cohen, Weiss and Simon LLP, 330 West 42nd Street, 25th Floor, New York, New York.
3. Appear at a deposition on <u>March 27, 2012</u> at 10 a.m., at the offices of Cohen, Weiss and Simon LLP, 330 West 42nd Street, 25th Floor, New York, New York.

For your reference, we have also enclosed copies of the subpoenas.  If you have any questions, you may contact me at the above number.

Sincerely,

Zachary N. Leeds

ZNL;jmm
Enclosures

00214768.1



# Exhibit J

# COHEN, WEISS AND SIMON LLP
### COUNSELLORS AT LAW
### 330 WEST 42ND STREET
### NEW YORK, N.Y. 10036-6976

(212) 563-4100

WRITER'S DIRECT INFORMATION:

PHONE: (212) 356-0243
FAX: (646) 473-8243
E-MAIL: ZLEEDS@CWSNY.COM

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
TRAVIS M. MASTRODDI

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)

RICHARD C. HARMON
SENIOR ATTORNEY

DAVID R. HOCK*
CLAIRE TUCK*
MARCELLE J. HENRY
EVAN HUDSON-PLUSH*
MICHAEL S. ADLER*
JOSHUA ELLISON*
ZACHARY N. LEEDS*
TZVI MACKSON
NOELIA E. HURTADO
DANYA AHMED*
KATE M. SWEARENGEN**

\* ALSO ADMITTED IN NJ
\*\* ADMITTED IN NJ ONLY

March 21, 2012

By UPS Overnight Mail

Metro D Excavation & Foundation, Inc.
50-63 41st Street
Astoria, New York 11104

Re:   *Ferrara et. al., v. Metro D Excavation and Foundation, Inc.*
      Case No. 10-CV-4215 (SLT)(LB)

Dear Sir/Madam:

This firm is counsel to Plaintiff in this case. **This is a reminder.** We previously sent you the enclosed order dated February 22, 2012, ordering you to produce documents by March 16, 2012 and appear at a deposition on March 27, 2012 at 10 a.m., at the offices of Cohen, Weiss and Simon LLP, 330 West 42nd Street, 25th Floor, New York, New York.

**This is an order of the Court.** Your failure to comply with the Order is contempt of Court and if you fail to produce the documents or appear at the deposition, we may seek civil and criminal penalties against you.

Please contact me as soon as possible to discuss this matter. **A representative of the Metro D Excavation & Foundation, Inc. is required to appear at the deposition on March 27, 2012.**

Sincerely,

Zachary N. Leeds

ZNL:jmm
Enclosure

00210762.1

# Exhibit K

COHEN, WEISS AND SIMON LLP

---

Invoice Date: 9/26/11          Invoice No. 40996          Matter: 0240-10208

**Matter Description:**   Metro D Excavation & Foundation Inc.

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 08/16/11 | R. N. Batchelder | Review court order re Report and Recommendation. | 0.10 |
| 08/18/11 | Z. N. Leeds | Email JMM re judgment enforcement. | 0.10 |
| 08/18/11 | Z. N. Leeds | Review default judgment. | 0.10 |
| 08/19/11 | J. M. Mariani | Review email from ZNL re post-judgment enforcement. | 0.10 |
| 08/19/11 | J. M. Mariani | Draft transmittal letter re judgment transcript. | 0.10 |
| 08/19/11 | J. M. Mariani | Draft email to T. Cody re checks on file. | 0.10 |
| 08/19/11 | J. M. Mariani | Draft abstract of judgment. | 0.10 |
| 08/19/11 | J. M. Mariani | Draft restraining notice to company. | 0.10 |
| 08/19/11 | J. M. Mariani | Draft restraining notice to bank. | 0.10 |
| 08/24/11 | J. M. Mariani | Draft check request for docketing judgment in the appropriate county. | 0.10 |
| 08/25/11 | J. M. Mariani | Prepare judgment for docketing in appropriate county. | 0.10 |
| **Total** | | | **1.10** |

## PROFESSIONAL CHARGES

| Timekeeper | Title | | | | Total |
|-----------|-------|---|---|---|-------|
| Leeds, Z. N. | Associate | .20 | hrs at | $ 375 / hr | 75.00 |
| Batchelder, R. N. | Paralegal | .10 | hrs at | $ 110 / hr | 11.00 |
| Mariani, J. M. | Paralegal | .80 | hrs at | $ 110 / hr | 88.00 |
| **Total Professional Charges** | | | | | **$174.00** |

COHEN, WEISS AND SIMON LLP

## DISBURSEMENTS

| | Description | Total |
|---|---|---|
| 08/19/11 | Transcripts - CLERK OF THE COURT | 18.00 |
| 08/25/11 | Court fees - Queens County Clerk | 25.00 |
| | **Total Disbursements** | **$43.00** |

| | | |
|---|---|---|
| Fees | $ | 174.00 |
| Disbursements | $ | 43.00 |
| | | |
| **CURRENT INVOICE DUE** | $ | <u>217.00</u> |

| | |
|---|---|
| Inception-To-Date Fees: | $6,564.00 |
| Inception-To-Date Disbursements: | $634.09 |
| Inception-To-Date Total: | $7,198.09 |

COHEN, WEISS AND SIMON LLP

Invoice Date: 10/24/11          Invoice No. 41127          Matter: 0240-10208

**Matter Description:**   Metro D Excavation & Foundation Inc.

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 09/01/11 | Z. N. Leeds | Review and revise restraining notice and information subpoena. | 0.20 |
| 09/01/11 | J. M. Mariani | Revise Restraining Notice to Bank. | 0.10 |
| 09/01/11 | J. M. Mariani | Draft transmittal letter re restraining notice to bank. | 0.20 |
| 09/07/11 | Z. N. Leeds | Review and revise restraining notice and information subpoena to Company and letter on same. | 0.30 |
| 09/07/11 | J. M. Mariani | Draft restraining notice to company. | 0.10 |
| 09/07/11 | J. M. Mariani | Draft transmittal letter re docketing in Queens county. | 0.10 |
| 09/13/11 | J. M. Mariani | Revise Restraining Notice to bank. | 0.10 |
| 09/13/11 | J. M. Mariani | Telephone conference with JP Morgan re address for legal processing documents. | 0.10 |
| 09/13/11 | J. M. Mariani | Revise transmittal letter to bank. | 0.10 |
| **Total** | | | **1.30** |

## PROFESSIONAL CHARGES

| Timekeeper | Title | | | | | | Total |
|---|---|---|---|---|---|---|---|
| Leeds, Z. N. | Associate | .50 | hrs at | $ | 375 | / hr | 187.50 |
| Mariani, J. M. | Paralegal | .80 | hrs at | $ | 110 | / hr | 88.00 |
| **Total Professional Charges** | | | | | | | **$275.50** |



COHEN, WEISS AND SIMON LLP

## DISBURSEMENTS

| | Description | Total |
|---|---|---|
| 09/01/11 | Postage | 1.28 |
| 09/01/11 | Postage | 6.63 |
| 09/07/11 | Postage | 2.22 |
| 09/07/11 | Postage | 7.54 |
| 09/22/11 | Postage | .44 |
| 09/22/11 | Postage | .44 |
| 09/22/11 | Postage | .44 |
| | **Total Disbursements** | **$18.99** |

| | | |
|---|---|---|
| Fees | $ | 275.50 |
| Disbursements | $ | 18.99 |

**CURRENT INVOICE DUE**            $      294.49

| | |
|---|---|
| Inception-To-Date Fees: | $6,839.50 |
| Inception-To-Date Disbursements: | $653.08 |
| Inception-To-Date Total: | $7,492.58 |



COHEN, WEISS AND SIMON LLP

Invoice Date: 11/21/11          Invoice No. 41256          Matter: 0240-10208

**Matter Description:**   Metro D Excavation & Foundation Inc.

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 10/21/11 | J. M. Mariani | Draft email to ZNI re company restraining notice and information subpoena. | 0.10 |
| 10/25/11 | J. M. Mariani | Draft email to ZNL re status of company's answer to previously sent restraining notice and information subpoena. | 0.10 |
| 10/25/11 | J. M. Mariani | Draft email to ZNL re follow-up to restraining notice and information subpoena sent to company. | 0.10 |
| **Total** | | | **0.30** |

## PROFESSIONAL CHARGES

| Timekeeper | Title | | | Total |
|------------|-------|--|--|-------|
| Mariani, J. M. | Paralegal | .30 hrs at | $ 110 / hr | 33.00 |
| **Total Professional Charges** | | | | **$33.00** |

Fees                                                      $      33.00
                                                          _____

**CURRENT INVOICE DUE**                                   $      33.00

Inception-To-Date Fees:             $6,872.50
Inception-To-Date Disbursements:     $653.08
Inception-To-Date Total:            $7,525.58



## COHEN, WEISS AND SIMON LLP

Invoice Date: 12/19/11          Invoice No. 41337          Matter: 0240-10208

**Matter Description:**   Metro D Excavation & Foundation Inc.

| Date | Timekeeper | Description | Hours |
|------|------------|-------------|-------|
| 11/10/11 | Z. N. Leeds | Research re post-judgment discovery. | 0.10 |
| 11/10/11 | R. N. Batchelder | Review e-mail from JMM re case status. | 0.10 |
| 11/10/11 | J. M. Mariani | Draft subpoena re a deposition and document discovery to Company. | 0.50 |
| 11/10/11 | J. M. Mariani | Research last action taken and draft email to ZNL re next step in judgment enforcement. | 0.40 |
| 11/10/11 | J. M. Mariani | Draft email to RNB re update in judgment enforcement. | 0.10 |
| 11/11/11 | J. M. Mariani | Review and respond to email from ZNL re subpoena to company. | 0.10 |
| 11/11/11 | J. M. Mariani | Draft email to ZNL re sample documents to use for drafting subpoena to company. | 0.20 |
| 11/14/11 | Z. N. Leeds | Review document and witness subpoena to Company. | 0.20 |
| 11/14/11 | Z. N. Leeds | Research re document and witness subpoena to Company. | 0.20 |
| 11/14/11 | J. M. Mariani | Research re service of either federal or state subpoena on company. | 0.80 |
| 11/14/11 | J. M. Mariani | Draft state subpoena to company. | 0.20 |
| 11/17/11 | J. M. Mariani | Draft email to ZNL re subpoena duces tecum to company. | 0.10 |
| 11/18/11 | Z. N. Leeds | Review and revise witness and document subpoena. | 0.40 |
| 11/18/11 | Z. N. Leeds | Review and revise letter to process server on witness and document subpoena. | 0.10 |
| 11/18/11 | Z. N. Leeds | Email JMM re witness and document subpoena. | 0.10 |
| 11/18/11 | R. N. Batchelder | Review e-mail from ZNL re case status. | 0.10 |
| 11/18/11 | J. M. Mariani | Revise subpoena to company. | 0.20 |
| 11/18/11 | J. M. Mariani | Telephone conference with clerk of court re post-judgment deposition. | 0.20 |
| 11/21/11 | J. M. Mariani | Draft email to process server re service of subpoena. | 0.10 |



COHEN, WEISS AND SIMON LLP

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 11/22/11 | J. J. Vitale | At Lake Success, NY. Met with T. Ryan on attorney fee issues; met with T. Cody on same. | 0.10 |
| **Total** | | | **4.30** |

## PROFESSIONAL CHARGES

| Timekeeper | Title | | | | | Total |
|-----------|-------|---|---|---|---|-------|
| Vitale, J. J. | Partner | .10 | hrs at | $ 400 | / hr | 40.00 |
| Leeds, Z. N. | Associate | 1.10 | hrs at | $ 375 | / hr | 412.50 |
| Batchelder, R. N. | Paralegal | .20 | hrs at | $ 110 | / hr | 22.00 |
| Mariani, J. M. | Paralegal | 2.90 | hrs at | $ 110 | / hr | 319.00 |
| **Total Professional Charges** | | | | | | **$793.50** |

| | | |
|---|---|---|
| Fees | $ | 793.50 |
| **CURRENT INVOICE DUE** | $ | **793.50** |
| Previous Balance Due | $ | 33.00 |
| **TOTAL AMOUNT DUE** | $ | **826.50** |

Inception-To-Date Fees:            $7,666.00
Inception-To-Date Disbursements:     $653.08
Inception-To-Date Total:           $8,319.08

94



## COHEN, WEISS AND SIMON LLP

Invoice Date: 1/18/12          Invoice No. 41469          Matter: 0240-10208

**Matter Description:**   Metro D Excavation & Foundation Inc.

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 12/01/11 | J. M. Mariani | Telephone conference with P. Becker, re deposition for company. | 0.10 |
| **Total** | | | **0.10** |

## PROFESSIONAL CHARGES

| Timekeeper | Title | | | | Total |
|-----------|-------|--|--|--|-------|
| Mariani, J. M. | Paralegal | .10 | hrs at | $ 110 / hr | 11.00 |
| **Total Professional Charges** | | | | | **$11.00** |

## DISBURSEMENTS

| Description | Total |
|-----------|-------|
| 11/30/11   Search fees - LexisNexis Risk Data Management Inc | 85.73 |
| **Total Disbursements** | **$85.73** |

| | | |
|---|---|---|
| Fees | $ | 11.00 |
| Disbursements | $ | 85.73 |
| **CURRENT INVOICE DUE** | $ | 96.73 |

| | |
|---|---|
| Inception-To-Date Fees: | $7,677.00 |
| Inception-To-Date Disbursements: | $738.81 |
| Inception-To-Date Total: | $8,415.81 |



COHEN, WEISS AND SIMON LLP

---

Invoice Date: 2/27/12          Invoice No. 41643          Matter: 0240-10208

**Matter Description:**   Metro D Excavation & Foundation Inc.

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 01/13/12 | R. N. Batchelder | Draft e-mail to J. Puccio re active status of company. | 0.10 |
| 01/25/12 | Z. N. Leeds | Preparation for post-judgment deposition. | 0.30 |
| 01/25/12 | J. M. Mariani | Telephone conference with P. Becker court reporting re deposition. | 0.10 |
| 01/25/12 | J. M. Mariani | Prepare research and documents re company for deposition. | 0.60 |
| 01/26/12 | Z. N. Leeds | Appearance at post-judgment deposition. | 1.00 |
| 01/26/12 | Z. N. Leeds | Preparation for post-judgment deposition. | 0.30 |
| 01/26/12 | Z. N. Leeds | Office conference with JMM re motion to compel. | 0.10 |
| 01/26/12 | J. M. Mariani | Office conference with ZNL re motion to compel. | 0.10 |
| 01/27/12 | J. M. Mariani | Draft motion to compel and prepare exhibits. | 1.00 |
| 01/27/12 | J. M. Mariani | Update post-judgment status re motion to compel. | 0.10 |
| **Total** | | | **3.70** |

## PROFESSIONAL CHARGES

| Timekeeper | Title | | | Total |
|-----------|-------|------|------|-------|
| Leeds, Z. N. | Associate | 1.70  hrs at | $ 375  / hr | 637.50 |
| Batchelder, R. N. | Paralegal | .10  hrs at | $ 110  / hr | 11.00 |
| Mariani, J. M. | Paralegal | 1.90  hrs at | $ 110  / hr | 209.00 |
| **Total Professional Charges** | | | | **$857.50** |

| | | |
|---|---|---|
| Fees | $ | 857.50 |
| **CURRENT INVOICE DUE** | $ | **857.50** |
| Inception-To-Date Fees: | $8,534.50 | |

109





COHEN, WEISS AND SIMON LLP

Inception-To-Date Disbursements:    $738.81
Inception-To-Date Total:            $9,273.31

COHEN, WEISS AND SIMON LLP

Invoice Date: 3/21/12          Invoice No. 41741          Matter: 0240-10208

**Matter Description:**   Metro D Excavation & Foundation Inc.

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 02/06/12 | J. M. Mariani | Draft email to ZNL re motion to compel. | 0.10 |
| 02/07/12 | J. M. Mariani | Review email from process server re payment of bill. | 0.10 |
| 02/15/12 | Z. N. Leeds | Review and revise motion to compel post-judgment discovery. | 0.30 |
| 02/15/12 | R. N. Batchelder | Review e-mail from JMM re case status. | 0.10 |
| 02/15/12 | J. M. Mariani | Revise motion to compel. | 0.40 |
| 02/15/12 | J. M. Mariani | Draft email to RNB re post-judgment enforcement. | 0.10 |
| 02/16/12 | Z. N. Leeds | Review and revise motion to compel. | 0.20 |
| 02/17/12 | Z. N. Leeds | Review and revise certificate of service of motion to compel. | 0.10 |
| 02/17/12 | Z. N. Leeds | Review and revise motion to compel. | 0.10 |
| 02/17/12 | R. N. Batchelder | Review e-mail from court re Motion to Compel. | 0.10 |
| 02/17/12 | J. M. Mariani | Draft certificate of service re motion to compel. | 0.10 |
| 02/23/12 | Z. N. Leeds | Review order granting motion to compel post-judgment discovery. | 0.20 |
| 02/23/12 | Z. N. Leeds | Review and revise letter to Company on order granting motion to compel post-judgment discovery. | 0.20 |
| 02/23/12 | Z. N. Leeds | Review and revise certificate of service of order granting motion to compel post-judgment discovery. | 0.10 |
| 02/23/12 | R. N. Batchelder | Review Order granting the Motion to Compel. | 0.20 |
| 02/23/12 | J. M. Mariani | Draft certificate of service re Court Order. | 0.10 |
| 02/23/12 | J. M. Mariani | Draft email to RNB re post-judgment enforcement. | 0.10 |
| **Total** | | | **2.60** |



COHEN, WEISS AND SIMON LLP

## PROFESSIONAL CHARGES

| Timekeeper | Title | | | | | Total |
|---|---|---|---|---|---|---|
| Leeds, Z. N. | Associate | 1.20 | hrs at | $ 375 | / hr | 450.00 |
| Batchelder, R. N. | Paralegal | .40 | hrs at | $ 110 | / hr | 44.00 |
| Mariani, J. M. | Paralegal | 1.00 | hrs at | $ 110 | / hr | 110.00 |
| **Total Professional Charges** | | | | | | **$604.00** |

## DISBURSEMENTS

| | Description | Total |
|---|---|---|
| 02/08/12 | Transcripts - Paul Becker CSR PC | 249.00 |
| 02/17/12 | Postage | 7.40 |
| 02/17/12 | Postage | 2.10 |
| 02/17/12 | Postage | 2.10 |
| 02/23/12 | Postage | 1.50 |
| 02/23/12 | Postage | 7.00 |
| 11/28/11 | Process service fees - Serving by Irving Inc. | 134.50 |
| 01/25/12 | Search fees - LexisNexis Risk Data Management Inc | 316.81 |
| | **Total Disbursements** | **$720.41** |

| | | |
|---|---|---|
| Fees | $ | 604.00 |
| Disbursements | $ | 720.41 |
| **CURRENT INVOICE DUE** | $ | **1,324.41** |
| Previous Balance Due | $ | 857.50 |
| **TOTAL AMOUNT DUE** | $ | **2,181.91** |

| | |
|---|---|
| Inception-To-Date Fees: | $9,138.50 |
| Inception-To-Date Disbursements: | $1,459.22 |
| Inception-To-Date Total: | $10,597.72 |



COHEN, WEISS AND SIMON LLP

Invoice Date: 4/26/12          Invoice No. 41889          Matter: 0240-10208

**Matter Description:**   Metro D Excavation & Foundation Inc.

| Date | Timekeeper | Description | Hours |
|------|-----------|-------------|-------|
| 03/05/12 | Z. N. Leeds | Draft Subcommittee referral. | 0.50 |
| 03/06/12 | J. J. Vitale | Review and revise memo to Subcommittee on enforcement issues. | 0.10 |
| 03/06/12 | Z. N. Leeds | Email JJV and DRH re Subcommittee referral. | 0.10 |
| 03/15/12 | J. M. Mariani | Review returned mail marked as undeliverable. | 0.10 |
| 03/19/12 | R. N. Batchelder | Review March Subcommittee minutes re case status. | 0.10 |
| 03/19/12 | J. M. Mariani | Telephone conference with clerk of court re upcoming deposition. | 0.10 |
| 03/21/12 | Z. N. Leeds | Review and revise letter to Company re deposition. | 0.10 |
| 03/21/12 | J. M. Mariani | Review and respond to email from ZNL re post-judgment enforcement. | 0.10 |
| 03/21/12 | J. M. Mariani | Draft letter to company re Court-ordered deposition. | 0.30 |
| 03/22/12 | J. M. Mariani | Create chart re invalid service of process addresses. | 0.30 |
| 03/23/12 | Z. N. Leeds | Research re service address. | 0.10 |
| 03/23/12 | J. M. Mariani | Review returned mail re post-judgment discovery. | 0.10 |
| 03/23/12 | J. M. Mariani | Telephone conference with P. Becker re upcoming deposition. | 0.10 |
| 03/26/12 | J. M. Mariani | Draft email to ZNL re post-judgment enforcement. | 0.10 |
| 03/26/12 | J. M. Mariani | Telephone conference with P. Becker re upcoming deposition | 0.10 |
| 03/27/12 | Z. N. Leeds | Appearance at Company deposition (no-show). | 0.20 |
| 03/27/12 | Z. N. Leeds | Preparation for Company deposition. | 0.20 |
| 03/27/12 | J. M. Mariani | Review and respond to email re motion for contempt. | 0.10 |
| 03/27/12 | J. M. Mariani | Draft attorney declaration re motion to compel. | 0.50 |
| 03/28/12 | R. N. Batchelder | Review e-mail from ZNL re case status. | 0.10 |

COHEN, WEISS AND SIMON LLP

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 03/29/12 | J. M. Mariani | Draft ZNL declaration re motion for contempt. | 1.70 |
| 03/29/12 | J. M. Mariani | Draft brief in support or motion for contempt. | 1.00 |
| 03/30/12 | J. M. Mariani | Draft order re motion for contempt. | 0.60 |
| 03/30/12 | J. M. Mariani | Revise ZNL Declaration re motion for contempt. | 0.20 |
| 03/30/12 | J. M. Mariani | Revise memorandum of law re motion for contempt. | 0.20 |
| **Total** | | | **7.10** |

## PROFESSIONAL CHARGES

| Timekeeper | Title | | | | | Total |
|---|---|---|---|---|---|---|
| Vitale, J. J. | Partner | .10 | hrs at $ | 400 | / hr | 40.00 |
| Leeds, Z. N. | Associate | 1.20 | hrs at $ | 375 | / hr | 450.00 |
| Batchelder, R. N. | Paralegal | .20 | hrs at $ | 110 | / hr | 22.00 |
| Mariani, J. M. | Paralegal | 5.60 | hrs at $ | 110 | / hr | 616.00 |
| **Total Professional Charges** | | | | | | **$1,128.00** |

## DISBURSEMENTS

| | Description | Total |
|---|---|---|
| 08/25/11 | Reversal from Void Check Number: 48568 Bank ID: OPER Voucher ID: 118873 Vendor: Queens County Clerk | -25.00 |
| | **Total Disbursements** | **-$25.00** |

| | | |
|---|---|---|
| Fees | $ | 1,128.00 |
| Disbursements | $ | -25.00 |
| **CURRENT INVOICE DUE** | $ | **1,103.00** |

| | |
|---|---|
| Inception-To-Date Fees: | $10,266.50 |
| Inception-To-Date Disbursements: | $1,434.22 |
| Inception-To-Date Total: | $11,700.72 |



PROFORMA NO.              RUN DATE 05/18/12

TIME SUMMARY BY ATTORNEY

| Attorney | Hours | Worked Value | Billable Value | Avg Bill Rate |
|----------|-------|--------------|----------------|---------------|
| 7353  Z. N. Leeds | .10 | 37.50 | 37.50 | 375.00 |
| 6434  R. N. Batchelder | .30 | 33.00 | 33.00 | 110.00 |
| 6026  J. M. Mariani | 5.30 | 583.00 | 583.00 | 110.00 |
| Grand Total Fees | 5.70 $ | 653.50 $ | 653.50 | $ 114.65 |

DISBURSEMENT CODE SUMMARY

| Code | Description | Amount |
|------|-------------|--------|
| 12 | Transcripts | 249.00 |
| 39 | Overnight mail deliveries | 29.89 |
| | Total Disbursements | $ 278.89 |

```
PROFORMA NO.            RUN DATE 05/18/12                          Page 3 (3)
MATTER NO.   0240-10208                                         DATE 05/18/12
CLIENT NAME:      Local 282, IBT Funds
MATTER DESCRIPTION:  Metro D Excavation & Foundation Inc.
```

PROFESSIONAL SERVICES

| INDEX | DESCRIPTION | STAT | DATE | INIT | HOURS | RATE | AMOUNT |
|-------|-------------|------|------|------|-------|------|--------|
| 000878870 | Review and revise ZNL declaration re motion for contempt. | B | 04/02/12 | JMM | .50 | 110.00 | 55.00 |
| 000878871 | Review and revise memorandum of law re motion for contempt. | B | 04/02/12 | JMM | .20 | 110.00 | 22.00 |
| 000878872 | Draft proposed order re motion for contempt. | B | 04/02/12 | JMM | .30 | 110.00 | 33.00 |
| 000878873 | Draft notice of motion re motion for contempt. | B | 04/02/12 | JMM | .10 | 110.00 | 11.00 |
| 000879153 | Prepare exhibits re ZNL declaration for motion for contempt. | B | 04/03/12 | JMM | 1.10 | 110.00 | 121.00 |
| 000879155 | Draft email to ZNL re motion for contempt. | B | 04/03/12 | JMM | .10 | 110.00 | 11.00 |
| 000883284 | Review status of post-judgment enforcement. | B | 04/16/12 | JMM | .10 | 110.00 | 11.00 |
| 000884312 | Draft proposed order re contempt motion. | B | 04/23/12 | JMM | .50 | 110.00 | 55.00 |
| 000884315 | Revise notice of motion for contempt. | B | 04/23/12 | JMM | .20 | 110.00 | 22.00 |
| 000884316 | Revise memorandum of law re motion for contempt. | B | 04/23/12 | JMM | .60 | 110.00 | 66.00 |
| 000884317 | Revise ZNL Declaration re motion for contempt. | B | 04/23/12 | JMM | .20 | 110.00 | 22.00 |
| 000884435 | Draft email to ZNL re post-judgment enforcement. | B | 04/23/12 | JMM | .10 | 110.00 | 11.00 |
| 000884773 | Prepare exhibits re motion for contempt. | B | 04/24/12 | JMM | 1.20 | 110.00 | 132.00 |
| 000885294 | Review e-mail from JMM re case status. | B | 04/26/12 | RNB | .10 | 110.00 | 11.00 |
| 000885643 | Email ELE, RNB, and BDB re judgment and new referral. | B | 04/27/12 | ZNL | .10 | 375.00 | 37.50 |
| 000885651 | Review e-mails from ZNL re case status. | B | 04/27/12 | RNB | .10 | 110.00 | 11.00 |
| 000885652 | Review Board of Trustees minutes re case status. | B | 04/27/12 | RNB | .10 | 110.00 | 11.00 |
| 000886173 | Draft email to ZNL re motion to compel. | B | 04/30/12 | JMM | .10 | 110.00 | 11.00 |

```
                        TOTAL HOURS AND FEES        5.70      $    653.50
```

```
PROFORMA NO.              RUN DATE 05/18/12                              Page 4 (4)
MATTER NO.  :     0240-10208                                           DATE 05/18/12
CLIENT NAME:      Local 282, IBT Funds
MATTER DESCRIPTION:   Metro D Excavation & Foundation Inc.
```

DISBURSEMENTS

| INDEX NO. | DISB CODE | STAT | DATE | INIT | DESCRIPTION | UNITS | AMOUNT |
|-----------|-----------|------|------|------|-------------|-------|--------|
| 0623486 | 12 | B | 03/27/12 | ZNL | Transcripts - Paul Becker CSR PC | 1 | 249.00 |
| 0622648 | 39 | B | 03/21/12 | ZNL | Overnight mail deliveries - UNITED PARCEL SERVICE | 1 | 18.65 |
| 0622653 | 39 | B | 03/21/12 | LMG | Overnight mail deliveries - UNITED PARCEL SERVICE | 1 | 3.39 |
| 0623425 | 39 | B | 03/29/12 | JJV | Overnight mail deliveries - UNITED PARCEL SERVICE | 1 | 7.85 |

TOTAL DISBURSEMENTS $    278.89

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x

JOSEPH A. FERRARA, SR., FRANK H. FINKEL,    :
MARC HERBST, DENISE RICHARDSON,             :
THOMAS CORBETT, ANTHONY D'AQUILA,           :
THOMAS GESUALDI, LOUIS BISIGNANO,           :
DOMINICK MARROCCO, and ANTHONY              :
PIROZZI, as Trustees and Fiduciaries of the Local    :
282 Welfare Trust Fund, the Local 282 Pension        :
Trust Fund, the Local 282 Annuity Trust Fund, the    :
Local 282 Job Training Trust Fund, and the Local     :
282 Vacation and Sick Leave Trust Fund,              :
                                    Plaintiffs,       :
        - against -                                   :
                                                      :
METRO D EXCAVATION & FOUNDATION,            :
INC.,                                       :
                                    Defendant.        :
                                                      :
                                                      :
--------------------------------------------------------------------- x

Case No.:
10-CV-4215 (SLT)(LB)

## ORDER OF CONTEMPT AGAINST DEFENDANT
## METRO D EXCAVATION & FOUNDATION, INC.

Plaintiffs, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise

Richardson, Thomas Corbett, Anthony D'Aquila, Thomas Gesualdi, Louis Bisignano, Dominick

Marrocco, and Anthony Pirozzi, as Trustees and Fiduciaries of the Local 282 Welfare Trust

Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job

Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund ("the Funds"), by

their attorneys Cohen, Weiss and Simon LLP, in the above-captioned action, having moved the

Court to hold defendant Metro D Excavation & Foundation, Inc.  in contempt, it is hereby found,

pursuant to Fed.R.Civ.P. 70 and 71 and Local Rule 83.9(c) that the Defendant is in contempt of

Court.  The findings of fact upon which the adjudication is based are as follows:

1.       On September 16, 2010, the Plaintiffs commenced an action against the

Defendant, under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145 ("ERISA"). The action arose, in part, from the failure of Metro D to pay contributions as required by the terms of collective bargaining and trust agreements.

2.      Defendant failed to file an answer to the Complaint, and accordingly, the Clerk of the Court entered its default.

3.      Following the Plaintiffs' filing of a motion for judgment by default, the Court entered judgment, pursuant to which the Defendant was directed to remit $49,735.67 in contributions and attendant damages due ("Judgment").

4.      Defendant failed to remit the amounts due pursuant to the Judgment and has failed to comply with any of its other requirements.

5.      As a result, on September 7, 2011 Plaintiffs sent restraining notices and information subpoenas to Defendant by certified mail. Defendant failed to respond to the information subpoena. On November 22, 2011, Plaintiffs served defendant with a Subpoena Duces Tecum Ad Testificandum dated November 18, 2011, commanding it to produce documents by January 9, 2012 and appear at a deposition on January 26, 2012 at the Brooklyn Federal Courthouse. Defendant failed to respond to the subpoena or appear at the deposition, or otherwise contact Plaintiffs.

6.      Consequently, by February 17, 2012 letter motion, Plaintiffs moved the Court for sanctions to be imposed against Defendant if it failed to produce documents and information responsive to the subpoenas by March 16, 2012 and appear at a deposition on March 27, 2012.

7.      On February 22, 2012, the Court granted Plaintiffs' motion, entering an order ("Order") pursuant to which, the Defendant was required to appear at a deposition scheduled for March 27, 2012.  The Order specifically stated: "This is a Court Order and defendant must comply.  Defendant is hereby warned that if it fails to respond to plaintiffs' information subpoena or request for production of documents, or fails to timely appear for the deposition on March 27, 2012, the court shall impose sanctions which may include contempt of court

8.      By cover letter dated February 23, 2012, a copy of the Order was served via regular and certified mail on Defendant.  By letter dated March 21, 2012, Defendant was sent a letter reminding it of its upcoming deposition.

9.      Despite Court Order, Defendant failed to respond to the subpoenas or appear at its deposition.

**NOW, THEREFORE, it is ORDERED, ADJUDGED, and DECREED that**

1.      Until full compliance with the Judgment and the Order is obtained, a daily fine of $1,000, payable to the Funds, is imposed against Defendant, plus it shall be held liable to the Funds for $4,998.52 in attorney's fees and costs incurred by Plaintiffs in enforcing the Judgment; and

2.      This Contempt Order is to be personally served upon Defendant via a licensed process server.

Dated: _____
          Brooklyn, New York

_____
Hon. Lois Bloom, U.S.M.J.

-3-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

JOSEPH A. FERRARA, SR., FRANK H. FINKEL,          :
MARC HERBST, DENISE RICHARDSON,                   :
THOMAS CORBETT, ANTHONY D'AQUILA,                 :
THOMAS GESUALDI, LOUIS BISIGNANO,                 :          Case No.:
DOMINICK MARROCCO, and ANTHONY                    :          10-CV-4215 (SLT)(LB)
PIROZZI, as Trustees and Fiduciaries of the Local :
282 Welfare Trust Fund, the Local 282 Pension     :
Trust Fund, the Local 282 Annuity Trust Fund, the :
Local 282 Job Training Trust Fund, and the Local  :
282 Vacation and Sick Leave Trust Fund,           :
                                    Plaintiffs,   :
          - against -                             :
                                                  :
METRO D EXCAVATION & FOUNDATION,                  :
INC.,                                             :
                                    Defendant.    :
                                                  :
                                                  :
-------------------------------------------------------------- x

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that today I caused a true and correct copy of the plaintiffs'

motion for contempt, memorandum in support, and accompanying declaration and exhibits,

against Metro D Excavation & Foundation, Inc. to be sent by regular and certified mail (return

receipt requested) to:

            Metro D Excavation & Foundation, Inc.
            50-63 41st Street
            Astoria, New York 11104

Dated:  May 25, 2012
        New York, New York
                              /s/ Zachary N. Leeds_____