UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH A. FERRARA, SR., et al.,
as Trustees and Fiduciaries of the Local 282
Welfare Trust Fund, the Local 282 Pension
Trust Fund, the Local 282 Annuity Trust Fund,
The Local 282 Job Training Fund, and the Local
282 Vacation and Sick Leave Trust Fund,

Plaintiffs,

– against –

METRO D EXCAVATION & FOUNDATION,
INC.,

Defendant.
------------------------------------------------------------x

**ORDER**

10-cv-04215 (SLT) (LB)

**TOWNES, United States District Judge:**

On September 16, 2010, Plaintiffs, trustees and fiduciaries of various Local 282 employee benefit plans, commenced this ERISA action, see 29 U.S.C. § 1132(a)(3) and 1145, seeking damages and an injunction for the failure of Defendant Metro D Excavation & Foundation, Inc. ("Metro") to permit an audit of its books and records. (Docket No. 1). On February 25, 2011, the Clerk of Court entered a default as to Metro because the company failed to appear or otherwise answer. (Docket No. 7). On August 16, 2011, this Court adopted the Report and Recommendation of Magistrate Judge Lois Bloom to grant Plaintiffs' motion for default judgment. (Docket No. 10). The Clerk of Court thereafter entered judgment. (Docket No. 11 ("Judgment")).

On February 2012, Judge Bloom granted Plaintiffs' motion to compel Metro to respond to post-judgment discovery requests and to appear for a deposition. (Docket No. 14). In her order, Judge Bloom directed that:

> Defendant shall respond to plaintiffs' information subpoena and produce all documents responsive to plaintiffs' subpoena <u>duces tecum</u> by March 16, 2012. An appropriate representative of Metro D Excavation & Foundation, Inc. shall appear for a deposition on March 27, 2012 at 10:00 a.m. at the offices of Cohen, Weiss, and Simon LLP, 330 West 42nd Street, 25th Floor, New York, New York. <u>This is a Court Order and defendant must comply.</u> Defendant is hereby warned that if it fails to respond to plaintiffs' information subpoena or request for production of documents, or fails to timely appear for the deposition on March 27, 2012, the Court shall impose sanctions which may include contempt of court.

(Docket No. 14 at 3 (emphasis in original)). On May 25, 2012, Plaintiffs moved for contempt against Metro, indicating that Metro has failed to remit $49,735.67 in unpaid contributions pursuant to the Judgment and has willfully disregarded the order requiring the company to respond to Plaintiffs' subpoenas and deposition notice. (Docket No. 16 at 1). Plaintiffs seek (1) a contempt citation to compel compliance with Judge Bloom's order and payment of the Judgment; (2) costs incurred in the attempt to enforce the Judgment and in bringing the instant motion; (3) a daily fine of $1,000 against Metro until it complies with the Judgment; and (4) that Metro be held liable for $4,998.52 in attorney's fees and costs incurred in enforcing the Judgment. (Docket No. 16 at 1). Plaintiffs have provided contemporaneous billing records for attorney's fees and costs. (Docket No. 16, Ex. K).

On November 30, 2012, Judge Bloom issued a Report and Recommendation, certifying the facts relevant to the instant motion. (Docket No. 17 ("R&R")); <u>see</u> 28 U.S.C. § 636(e)(6)(B)(iii) (where "the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge"). Judge Bloom also recommended that, "[g]iven these facts, appropriate sanctions should be imposed against [Metro] to secure compliance with the Court's orders and compensate [P]laintiffs." (R&R at 6). In response, "the district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made." <u>Bowens v. Atl.</u>

Maint. Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008). The Court intends to conduct such a hearing.

## CONCLUSION

For the reasons set forth above, Magistrate Judge Lois Bloom's Report and Recommendation (Docket No. 17) is ADOPTED to the extent that upon her certification of the facts, the parties are DIRECTED to appear on February 27, 2013, at 2 p.m. in Courtroom 4B for a hearing on Plaintiffs' motion for contempt. Defendant is warned that failure to appear will result in sanctions. Plaintiffs are directed to serve Defendant with a copy of this order and to file proof of service with the Clerk of Court.

**SO ORDERED.**

s/ SLT

/ SANDRA L. TOWNES
United States District Judge

Dated: January 29, 2013
Brooklyn, New York